Plaintiff's Name **Dewayne Thompson**

Inmate No. **T12115**

Address **P.O. Box 290066**

**Represa, Ca 95671**

FILED

OCT 03 2023

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

**Dewayne Thompson**                                    **1:22-cv-01545 HBK(PC)**

(Name of Plaintiff)                                              (Case Number)

vs.

**L. Addison. Corr. CNA**

**A. Lopez, Corr. Off.**

**J. Rocha, Corr. off.**

**AMENDED CIVIL RIGHTS COMPLAINT UNDER:**

☑ **42 U.S.C. 1983 (State Prisoner)**

☐ **Bivens** Action [403 U.S. 388 (1971)] (Federal Prisoner)

(Names of all Defendants)

RECEIVED

OCT 03 2023

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

**I. Previous Lawsuits** (list all other previous or pending lawsuits on additional page):

A. Have you brought any other lawsuits while a prisoner?  Yes **✓**  No ___ BY

B. If your answer to A is yes, how many? **about 8**

Describe previous or pending lawsuits in the space below. (If more than one, attach additional page to continue outlining all lawsuits in same format.)

1. Parties to this previous lawsuit:

Plaintiff **D. Thompson**

Defendants **W. Hill**

2. Court (if Federal Court, give name of District; if State Court, give name of County)
**U.S. Eastern District Court of California**

3. Docket Number **1:04-CV-05877 AWI-**    4. Assigned Judge **Antony W. AWI Ishii**

5. Disposition (Was the case dismissed? Appealed? Is it still pending?)

**Dismissed**
**See 1a Previous lawsuits**

1.

The      : Defendants are permissably joined pursuant to FRCP 18(a) and 20(a)(2) for multiple claims are against a single well as multiple Defendants who Plaintiff is seeking relief from jointly and/or severly or alternatively from a series of occurences whereby facts and law common to Defendant arises in all eight claims here-in.

### C. PREVIOUS LAWSUITS(CONTINUED)

4.) D. Thompson v M.P. Hernandez
case no. 1:13-cv-00625 AWI(BAM)PC
results: Dismissed, favorable termination(Heck Bar)

5.)D. Thompson v T. Adams
case no. forgot
results: settled 5,000

6.) D. Thompson v J. Ferrso
case no. 2:20-cv-08241 SVW(KS)
Results: pending

7.)D. Thompson v Nawaz
case no. 2:20-cv- 10448 SVW(SK)
results: dismissed

8.) D. Thompson v Covarrubias
case no. 2:22-cv-02106 SVW(KS)
results: dismissed w/out prejudice

2.) D. Thompson v. C. Mauck
Case no. 2:09-cv-03478 JAM-cmk
Results: Settled 3,000

3.) D. Thompson v. D.W. Bradburry
Case no. PR-CV-14-1988(WHO)
Results Dismissed

6. Filing Date (approx.) _____2005 04_____     7. Disposition Date (approx.) _____2006 05_____

## II. Exhaustion of Administrative Remedies

**NOTICE:**     Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Prior to filing suit, inmates are <u>required</u> to exhaust the available administrative remedy process, *Jones v. Bock*, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1999 (9th Cir. 2002), and neither futility nor the unavailability of money damages will excuse the failure to exhaust, *Porter v. Nussle*, 534 U.S. 516, 524, 122 S.Ct. 983, 988 (2002).  If the court determines that an inmate failed to exhaust prior to filing suit, the unexhausted claims will be dismissed, without prejudice.  *Jones*, 549 U.S. at 223-24, 127 S.Ct. at 925-26.

A. Is there an inmate appeal or administrative remedy process available at your institution?

Yes___✓___   No_____

B. Have you filed an appeal or grievance concerning **ALL** of the facts contained in this complaint?

Yes___✓___   No_____

C. Is the process completed?

Yes___✓___                If your answer is yes, briefly explain what happened at each level.

___Arbitrary, bias findings denying staff misconduct as a cover up and defense mechanism___

_____

_____

_____

_____

No_____          If your answer is no, explain why not.

_____

_____

_____

_____

_____

## III. Defendants

List each defendant's full name, official position, and place of employment and address in the spaces below.  If you need additional space please provide the same information for any additional defendants on separate sheet of paper.

A. Name L. Addison_____   is employed as Certified Nurse Assistant

Current Address/Place of Employment 4001 King Ave, Corcoran, Ca 93212

Sued in individual capacity

2.

B. Name A. Lopez _____ is employed as Correctional Officer _____

Sued in individual capacity

Current Address/Place of Employment ____ 4001 King Ave, Corcoran, Ca 93212 _____

C. Name J. Rocha _____ is employed as Correctional Officer _____

Sued in individual capacity

Current Address/Place of Employment ____ 4001 King Ave, Corcoran, Ca 93212 _____

D. Name _____ is employed as _____

Current Address/Place of Employment _____

E. Name _____ is employed as _____

Current Address/Place of Employment _____

**IV. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary. Must be in same format outlined below.)

<u>Claim 1</u>: The following civil right has been violated (e.g. right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.):

Defendant Addison retaliated against Plaintiff in violation of his U.S. First Amendment by falsifying rule violation report (RVR) of indecent exposure (IEX) "But For" him exercising his First Amendment Protected right and language (see Appendix A, exhausted remedy).

<u>Supporting Facts</u> (Include all facts you consider important to Claim 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Claim 1.):

Defendant L. Addison, Certified Nurse Assistant (CNA) violated Plaintiff's U.S. First Amendment by falsifying rules violation report (RVR) that Plaintiff indecent exposed himself to her in retaliation for Plaintiff exercising his Protected right to redress her misconduct under color of State law or utilizing Protected language. Hence, Plaintiff is duly pleading that on June 30, 2022, Defendant Addison retaliated against him by 1.) being a State actor who took adverse action against him 2.) But For 3.) his exercising his Protected right to redress her misconduct 4.) her adverse action would chill an ordinary Person of firmness and 5.) her adverse action did not further legitimate correctional goal. on June 30, 2022, Plaintiff was in crisis bed at CSP-Corcoran. CNA Alapisco was primarily assigned as the CNA to sit at Plaintiffs cell-front for 1 on 1 observation. During which Plaintiff being an exercise fanatic to alleviate stress and anxiety (inter alia) he sought approval from Alapisco to partially cover cell front window with Yellow Placard CNA Nelson provided him with the day prior, for Privacy, which also served as a legitimate window cover. Since window covered with paper is unallowed. Alapisco consented to Plaintiff request and knew that he would remove his smock to exercise and bird bath. Before Peering into cell (see attachment 3(a))

3.

Alapisco would knock on cell front door. And once safe to observe in cell she would with no incident. ( See appendix B, disciplinary hearing results(DHR) and supplemental RVR, pg. 4-5, Alapisco and Psychologist Houston Q and A's knock and observation standard with inmate patients with cell front window partially covered.)

Nevertheless, upon Defendant Addison relieving Alapisco for a short break, privacy for Plaintiff went awry: Addison with no precautionary measures towards Plaintiff cell front window being partially covered, inferring for privacy, "lifted herself up high enogh[sic] to look over window cover " ( or placard Plaintiff allowed CNA Nelson to place on his cell front window the day prior for privacy while Plaintiff exercised and bird bathed ) absent of knocking, as she should have done. ( See appendix B, pg 4 and 6 Psychologist Houston Q&A, no 1-2.)

Addison unbothered or offended saw Plaintiff bird bathing naked. She simply asked him if he was alright while looking at his naked body; wherefore, upset Plaintiff coupled with incident a day prior, June 29,2022, when she laughed at a ridiculing comment of his genit-al size by CNA Nelson who is the opposite sex who invaded Plaintiff's bodily privacy by intentionally, frequently, non- casually with no restriction and in close range watched Plaintiff exercise naked amiss of cell front window after giving him expectation of privacy by pla-cing yellow placard on Plaintiff's cell front window, which he allow-ed for it being harmless and in an isolated area in infirmary ( not to contradict pleads in claim II) under impression she would knock before looking in cell.

Ensuing, Plaintiff beelined to his cell front window after cove-ring himself in his smock and he aggressively ( as she states in her RVR at appendix C) demanded for her to have courtesy and knock before looking in his cell while window cover was up.

Undergoing Addison's unprofessional conduct the day prior for her laughing at the joke by Nelson in reference to his genital size as she called him "Little Man" coupled with her invading his bodily pri-vacy and for Plaintiff's protection not to be charged with indecent exposure, Plaintiff vented to Addison protected language of him going to write her up for her misconduct. In response, Addison unbelievably said "Two can play that game," and instantly reported to officials ne-arby that Plaintiff exposed himself to her. Her lie was so spontaneous, she could not get it straight:

That is initially Addison alleged of having direct observation in-to Plaintiff's cell on June 30,2022 with no placard or window cover partially covering his cell-front window when she saw him exposing himself( see appendix B, Addison's Q&A, no 1-6 in DHR and RVR supplem-ent pg. 4-5).

Nevertheless, she changed her allegations to Plaintiff having Pla-card on his cell front window that she looked over after "Lifting her-self up high enough " and saw him exposing himself ( see appendix C, amended RVR and appendix D, Addison original accounts dictated by Sgt. Ortega and Lt. Staley).

3a

Upon information and belief, Addison changed her allegations because video footage where incident occured contradicted her accounts that Plaintiff insist is false.

Do to Plaintiff suffering from Addison retaliatory False RVR, Plaintiff regrets grieving and/or using protected language of grieving her adverse action, which would have chilled an ordinary person of firmness for Plaintiff 1.) had yellow placard fixed to his cell-front window for 90 days in punative segregation, which identified him as sex offender; wherefore, subjected him to death threats and/or threats of physical bodily harm by his neighbors Dominguez and Flores, among other inmates, and inmate Cardero, who are known dangerous and violent inmates, 2.) deprivation of exercise yard (_____), 3.) discrimination by Hispanic Administrative segregation (Ad seg) officials (see infra claim IV)retaliation and conspiracy (_____

Lastly, Addison's adverse action did not further legitimate correctional goals. Rather, it conduced to Plaintiff being stressed, depressed and engage in self injurious behavior (SIB) by hunger striking (see appendix E, mental health records).

In addition, Plaintiff was deprived his liberty interest during hearing to prove his innocnce and charges being false, which resulted in rehearing that has yet occured upon filing this complaint December 2,2022.

**Claim 2:** The following civil right has been violated (e.g. right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.):

Eighth Amendment, Deliberate Indifference: Addisons retaliatory, falsified RVR for IEX Identified Plaintiff as sex offender, culminating to deliberate indifference for him being attacked and seriously threatened with future harm by known violent inmates

**Supporting Facts** (Include all facts you consider important to Claim 2. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Claim 2.):

*Applicable Law*

The two prong deliberate indifferent standard is satisfied when prison staff (objectively) know of harm and (subjectively) consciously disregard excessive risk of harm to an inmates health and safety that results in wanton infliction of unnecessary pain or further damage (Farmer v. Brennan 511 U.S. 825, 836, 114 S.ct. 1970). Plaintiff only need to allege he faced substantial harm to his safety for threats by an inmate who has a history of violence (see e.g., Hammler v. Hernandez 2019. U.S. Dist. LEXIS 93530) Potential attacks from other inmate with history of violence may constitute a substantial risk of harm (e.g. Helling v. Mckinney 509 U.S. 25, 33, 113 S.ct. 2475 ... (1993) The U.S. Supreme Court has held in Farmer, supra, "that a prisoner need not wait until a tragic event, such as actual assault, to state 8th Amendment deliberate indifference, so long as threat is probable in the future," see Helling, supra. Subjective

4

element of the 8th Amendment is sufficiently alleged when prison offici-
als falsely accused an inmate of indecent exposure that would label
him as sex offender and get him hurt (see Morris v. Burckhouse
2021 U.S. Dist. LEXIS 99873). Inmate attacked with urine for being falsely
identified as snitch        — stated 8th Amendment violation (see Timberlan
vs. Mascarenas 2018 U.S. Dist. LEXIS 154059)

<u>Contention</u>

Plaintiff is pleading that Defendant Addison acted with deliberate
indifference for she knew Yellow Placard on Plaintiff's cell front
window would classify him as a sex offender and get him hurt.[4]
For when Plaintiff asked her through senior hearing officer (SHO) D.B. Her-
nandez at his disciplinary hearing on August 5, 2022, "Whether she
knew what Yellow Placard on cell front window represent." She surprisingly
stated "the inmate is a sex offender," which she objectively knew would be
harmful to Plaintiff (see footnote). However, the SHO being bias failed to
report her answer (see Appendix B, disciplinary hearing results (DHR) Addison
Q and A. Pg 3 (5 of 12) no. 8).

As a result of Addison retaliatory, falsified RVR for IEX against
Plaintiff, Plaintiff permanently had Placard fixed to his cell front window
for 90 days, labeling him as sex offender in the Ad-seg population
among the most dangerous, gang members, inmates. Therefore, Plaintiff
instantly began receiving death and great bodily harm threats through
the vent by inmate(s) Cardero who was in cell 224, 3A03 while Plaintiff
was in cell 125 below him.

Cardero is a known violent inmate who is a registered notorious

---

1.) Although Plaintiff allowed Yellow Placard on his cell front window while in crisis
bed, during 1 on 1, Addison knew it was temporary and only for privacy
as Addison witnessed the day prior June 29, 2022, her co-worker Nelson
applying to his cell window for privacy, and Plaintiff let them know he was pla-
ying with his life, by having Placard on window. But it was harmless because
he was in an isolated location in crisis bed.... (objective element).

Prison and street gang member. Which Plaintiff is afraid to mention in complaint for the harm of mentioning such gang in paperwork can bring harm per se. Cardero was in Ad'-seg' for stabbing inmates and knives, which Plaintiff could hear him randomly sharpening on the floor of his cell above Plaintiff's cell.

Plaintiff eventually moved to cell 202, next to Dominquez and Flores, in cell 201. Who are known violent inmates and registered members of notorious prison and street gang. And who were in Ad-seg for stabbing police(officers), inmates and knife possession.

While Plaintiff was housed next to them with yellow placard on his cell front window, they made convincing, promising threats, therefore, to slice Plaintiff's face and stab him first chance they get, simultaneously a knife sharpening sound was conveyed through vent along with their non-idle threats for Plaintiff knows they'll try and carry out threat when encountering one of them or someone in their gang doing their bidding outside of Ad-seg.

Due to Dominquez and Floreses threats (sic) and chaos through the vent, Plaintiff began having an anxiety attack and contemplated self harm due to their psychological torment and averse that caused Plaintiff to stress and deprived of sleep. Therefore, Plaintiff underwent multiple suicidal evaluations that conduced to him being moved to cell 242. However, it was next to shower where Cardero showered. Resulting, Cardero attacked Plaintiff with bio-waste (urine), by filling the bucket he used to clean shower with urine and water and he intentionally flooded the tier causing Plaintiff cell to be flooded with urinated water simultaneously with him calling Plaintiff snitch and sex offender, as he reiterated promising, convincing threats to stab Plaintiff upon opportunity(see Appendix. 5, Springs declaration).

Plaintiff has grieved this matter to make record of inmates being his

4.b

enemy (see Appendixs N and s, grievences for Protection). However, officials has failed to take necessary steps to Protect me from inmates in future by Prohibiting Plaintiff and them from residing on same facility.

Nevertheless, by Dominquez, Flores, and Cordero being Part of notorious Prison gang that Plaintiff is in awe of he can be attacked indirectly by someone in their Prison gang doing their bidding. Plaintiff is in fear each day for his safety due to the Promising threats by these violent inmates and their gang well as the other inmates in Ad-seg' Who witnessed Yellow Placard on Plaintiffs cell-front window and who disapprove sex offender behavior; wherefore, they will likely attack Plaintiff with knife or weapon once recognizing him out of Ad-seg'

4c

## Claim 3

U.S. First Amendment violation: Defendant Lopez along with officer Rocha systematically retaliated against Plaintiff by conducting punitive cellsearch "But For" Plaintiff grieving Lopez's deceptive misconduct in disciplinary hearing for retaliatory falsified RVR for indecent exposure IEX by Defendant Addison (Administrative remedies are exhausted. (see Appendix K, et-seq, pg3)

Hereby Claims are transactionally related to claim 1 herein complaint and qualify for claim joinder pursuant to fed.R.civ.P. 8 18(a), otherwise claim will be barred per res judicata. (Plaintiff realleges and incorporates by reference Claim 1 herein Second Amended Complaint (SAC))

After Defendant Addison drafted retaliatory, falsified RVR of IEX against Plaintiff on June 30, 2022, the disciplinary hearing therefore occured August 5, 2022; however, by Plaintiff being a participant in the mental health service delivery system (MHSDS) at the enhanced outpatient (EOP) level of care, Defendant Lopez, pertinent to liberty interest, was assigned Plaintiff's staff assistant (S.A.) to help him prepare atleast 24 hours to disciplinary hearing.

Nevertheless, Lopez derilicted to do so or meet with Plaintiff, as he remained anonymous of being Plaintiff's S.A.; whereto, he would deny until hearing commenced and Lopez appeared on behalf of Plaintiff only for foremost liberty interest, procedural safeguard requisite.

Conflict arose for in order for disciplinary hearing to commence on August 05, 2022, Lopez had to have met with Plaintiff 24 hours prior to hearing; therefore, Lopez instantly lied of doing so; thus, causing Plaintiff to instantly vent and forewarn of writing him up and filing law-

1) The second prong that makes retaliatory, falsified RVR cognizable on ... 1983 is when Plaintiff is denied due process right to defend against charges (see e.g., mills v. clarke, 2023, U.S. Dist. LEXIS 71012)

suit against(sic) him for his deceptive misconduct that violated Plaintiffs due process. Therefore, guilty adjudication was vacated (see Appendix P and Q. et-seq. administrative grievances and disciplinary decision) and reissued and reheard which until to date is in limbo and officials are avoiding to hear despite Plaintiff filing grievance therefor.

Due to Lopez's unscrupulous misconduct in disciplinary hearing, Plaintiff, aggrieved, persisted in venting to Lopez of writing him up and forewarning of lawsuit. To which, Lopez threatened Plaintiff with an RVR for threatening staff (him). However, when he could not do so, on August 26, 2022, when Plaintiff was denied outside walk alone (cage) yard due to all cages being reserved for inmates on yard list, Lopez along with officer Rocha conducted a punative, retaliatory cell search on Plaintiff's cell after removing him from cell due to anxiety attack causing him to have chest pains and thoughts of self harm (generally identified as suicidal ideation) ascribed to yard deprivation, which was an ungoing problem that Plaintiff was also grieving that Defendants Lopez and Rocha knew of and also resented Plaintiff therefor.

Defendant's without furthering correctional goal vandalized Plaintiff's cell [1.] disposing of and disorganizing legal material and this instant original pre made complaint form Plaintiff was preparing for filing, [2.] throwing away his breakfast and lunch they served him during cell feeding, causing Plaintiff to be hungry that day, [3.] confiscated coaxial cable to television, which prevented him from watching for lack of reception and [4.] they confiscated other non-contraband miscellaneous personal items for no other reason "But For" to silence Plaintiff for exercising his protected right, which would have silenced a person of ordinary firmness (see e.g. Porteous v. Avilla, 2023, U.S. Dist. LEXIS 55936, citation omitted). (see Appendix T witness A.R. Jeter declaration.)

To be vindictive, Defendant Lopez making something from nothing, confiscated harmless, unweaponized state disposable shaving razor "with guard"

5b

that is commonly available to inmates by officials in and out of Ad-seg' and not clearly or specificly in any rule and regulations of California Department of Corrections or Law of being a weapon absent Prima facie of it being made into weapon or used as a weapon or razor without guard. However Lopez drafted Plaintiff an RVR for being in possession of deadly weapon, which is an A1 ultimate infraction with the most severe punishment that is in the category with murderers (see Appendix J RVR by Lopez)

Infraction was referred to district attorney (D.A.) for felony prosecution And Plaintiff was retained in Punative segregation pending adjudication of RVR, which carries a five month seventeen stay in security housing unit (SHU) or long term (continued on next page 5c)

restricted housing (LTRH), which Plaintiff served in punative segregation pending D.A. referral decision, which is in limbo todate upon filing this amended complaint well as RVR that is still pending, feasibly to be dismissed or mitigated for charges being exagerrated demurer. ( See appendix J, RVR.)

Lopez also confiscated Tylenol pills from Plaintiff's cell, which he contemplated exagerrating to punish Plaintiff in retaliation as he told Plaintiff with vindictive joy that he should write Plaintiff up for pills to have him admitted in crisis bed, which under circumstances is an automatic admission for eight to ten days.

On Defendants body worn camera (BWC), they sarcasticly and pretentiously demonstrate their retaliatory intent for searching Plaintiff cell, in a nutshell to the effect, Lopez stated, in speaking for him and Rocha, "We searched your cell for your and ours[sic] protection since you like to file grievances and lawsuits" (among other unnecessary comments of Plaintiff exercising his first Amendment.

Indeed cell search by Defendants was not random but planned to retaliate and harass Plaintiff for incident would not have occured if 1.) Plaintiff had not been grieving , verbally or written, about outdoors exercise yard deprivation well as Lopez violating his due process in disciplinary hearing for IEX alleged by Defendant Addison, 2.) had he not sought mental health and medical care due to exercise yard deprivation and 3.) among other things being African American (see infra, claim IV).

B.)    Then on September 2, 2022, approximately between 9AM-12:20PM on Rocha's BWC and 3A03, A-section avss(AVSS) while Plaintiff was attending structured group therapy for hi mental health treatment, Defendant Rocha, campaign harassing, retaliated against Plaintiff based on chronology of events, facts and inferences by conducting another punative cell search ( Within a Week of previous one August 26,2022) and sadisticly confiscated state issued radio another officer provided Plaintiff for entertainment due to Plaintiff being EOP level of care in mental Health...system, entailing him to have a TV or radio in his cell. And Plaintiff's inability to watch his television post initial punative cell search for Defendants confiscating coaxial cable to his television; thus, thwarting reception.

Rocha being insidious left no cell search receipt for the radio the confiscated from Plaintiff's cell as he should have pursuant to CCR, Title 15 § 3287(a)(4). And he blatantly denied such act. But after canvassing Defendant E. Olivias on September 28,2022, he confirmed on his BWC at about 9:45AM that Rocha was the officer who entered Plaintiff's cell and confiscated radio September 2,2022.

Therefore, correlating to him being culprit as well to planting state razor in Plaintiff's cell, after Lopez charged Plaintiff with state issued disposable razor being a deadly weapon, that Plaintiff discovered after noticing state radio mysteriously missing. Plaintiff instantly turned state razor over to Sgt. Garcia upon discovering it on September 2,2022( see appendix L, grievance).

Defendants adverse action out of retaliation for Plaintiff exercising his First Amendment (to access grievance system); his Eighth Amendment (to access medical and mental health ) and fourteenth (to a fair hearing) did not further legitimate correctional goals and it has conduced to discouraging (silencing) Plaintiff to exercise his constitutional protected right for the ramifications are getting to be too much of a hardship.

CLAIM IV DISCRIMINATION
U.S FOURTEENTH AMENDMENT CONSTITUTION(ADMINISTRATIVE REMEDIES ARE EXHAUSTED,
APPENDIX L and M, grievance)  (Discrimination by Defendants A. Lopez and Rocha)

Plaintiff is duly declaring, based on chronology of events, facts and infer-
ences for his being African American, Defendants invidiously discriminated against
him in addition to retaliating by conducting punative cell searches and drafting
exaggerated rule violation report (RVR) towards African Americans, which subjected
Plaintiff to dissimilar treatment by Defendants in comparison to Hispanic inmates
who they treated preferentially.(That is Defendant A. Lopez and J. Rocha.)

Saying that, Plaintiff insist that Defendants did not routinely conduct syst-
ematic, random cell searches. They only searched cells of invidious inmates, of
whom uncoincidentally just so happen to be African American (Black) that aggrieved
them when writing them up  or opposing their unruly act. Therefore, punative cell
search and exaggerated RVR drafted by Lopez charging Plaintiff with disposable
state razor as a weapon (well as Plaintiff never received any rules identifying state
razor commonly available as a deadly weapon) plausibly occured  for Defendants invi-
dious discrimination towards Plaintiff due to his being African American.

For example, Defendants knew Plaintiff's neighbors Dominquez and Flores in 3a-
03, 201 EOP hub well as Alberto Cardero ( who was in cell 224 at time mentioned he-
rein ) who are Hispanic inmates, had knives and state razors, which they were getting
by officials during showers, as Plaintiff was getting also, in their cells. And they
committed serious rule violations that Defendants witnessed. Nevertheless, Defenda-
nts never drafted an RVR for their serious infraction or conducted so much as a
random, scour, cell search on their cell when they had just cause and reasonable
suspicion to do so.

Hence, e.g., on September 2,2022, Plaintiff Hispanic neighbors Dominquez and ~~flores~~
Flores intentionally shattered their cell-front window after a disagreement between
them and another officer, Defendants witnessed shattered window but stayed dormant
insofar as they did not move inmates from cell, despite it being deemed a hazard
and shall have been redlined ( condemned) for staff security responsibility  proto-
col or searched for reasonable suspicion to confiscate item used to shatter window,
which Plaintiff insist was the undisputable sound of apparent contraband metal that
they did not try and hide, as they would drop metal on ground to let Plaintiff know
according to his belief that they had metal knives, which they used on multiple
occasions to bang on steel door when hostile towards officials, which attracted
Officer(s) Garcia's attention on September 11,2022, around 8:45PM on his BWC;thus,
causing him to key in to the eerie contraband metal on steel door banging sound, but
he did nothing.

Rocha and Lopez witnessed shattered cell-front window of Flores and Dominquez
and only laughed and joked about it, as they asked them, " Damn, who made you mad."
(see Lopez.and Rocha body worn camera [BWC] September 2,2022. Defendants did not
draft them RVR, despite them boldly admitting to Defendants of shattering cell front
window; nevertheless, had that been Plaintiff they would have definately been
excited to write him an RVR for destruction of state property and charged him
about $200., the value of cell front window.

However, same day, September 2,2022, between 9AM-12:30PM when Plaintiff was
at therapy group, Defendant Rocha insidiously entered Plaintiff's cell and confisc-
ated state issued radio and during which connect him to state razor planted in Plai-
ntiff's cell post Defendant Lopez drafting RVR for Plaintiff possessing unweaponized

state razor, which he charged Plaintiff with possessing deadly weapon (see claim III for further detail).

Plaintiff is sure Dominquez and Flores was not written up, foremost, by Defendants for shattering cell-front window who had a proclivity to draft RVR's against Blacks, such as Plaintiff, for their infraction. And they had duty to draft RVR upon becoming aware of infraction, but they did not, for upon facts and inferences due to being discriminative.

Plaintiff is assured Defendants derilicted to draft Dominquez and Flores an RVR for preferential treatment for 1.) when Dominquez and Flores tormented Plaintiff through vent (inter alia) for getting RVR and D.A. referral for a simple unweaponized state razor as a deadly weapon, they proudly boasted and said with pride that officers work for them; they don't mess with them, even though they know they're dirty (illegal); foremost, they let it be known that they can bust out their cell window and not get a write up, as they taunted Plaintiff of willing to bet him that he cannot do the same thing wherefore, they mentioned Brown pride, and 2.)

Upon Dominquez and Flores getting window repaired, Plaintiff heard Lopez joke with them at their cell front of them "getting a pass" that time. The next time it is going to cost them $200 and a write up (RVR), which angered Plaintiff to call him a racist. For which Plaintiff grieved their discrimination (see appendix L and M, grievance on file).

Moreso, Lopez and Rocha knew Dominquez and Flores well as Alberto Cardero (misspelled Cardova), cell 224 at time mentioned herein, among other Hispanic inmates had in their cells manufactured knives and state razors-that they were getting during shower by officials, as Plaintiff was getting, but was written up by Lopez (emphasis added), for Plaintiff, aggrieved by Defendants apparent intentional discrimination brought it to their attention only to be ignored.

Plaintiff knew Dominquez, Flores, and Cardero had dangerous contraband for hearing them sharpening their manufactured knives and banging state razors against sink in their cell while shaving with them when he was in cell 125 and Cardero was upstairs in cell 224, just above Plaintiff, and when Plaintiff was in cell 202 and Dominquez and Flores was his neighbors in cell 201.

However, Plaintiff's notice was disregarded (see appendix L and M, grievance advising officials of aforementioned inmates threat to safety and security and disparity treatment. Disregards was due to preferential treatment Rocha and Lopez demonstrated towards Hispanic inmates; whereas, with Blacks, they treated dissimilar but unpreferential, which subjected Plaintiff, who is Black, to punative, retaliatory cell search and exaggerated RVR of his possessing an unweaponized state razor as a deadly weapon.

Hereby claim qualify as proper joinder pursuant to fed. R. Civ. P. 8(d)(3), 18(a) that requires all inconsistent or independent claim to be joined against properly joined parties, otherwise will be barred by res judicata for claim derive from facts and laws common to defendants. That is defendant Addison retaliation, claim 1.

**V. Relief**

State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statues.

Declaratory relief ; 2.) Compensatory damages jointly or severly against each Defendant in the sum of $20,000 for their retaliatory discriminative misconduct and due Process violation 3.) nominal damages in the sum of .01¢ Jointly or severly against each defendant 4.) Punative damages Jointly and severely against each defendant in the sum of $20,000 5.) Demand for Jury trial and 6.) Any other relief found Suitable.

I declare under penalty of perjury that the foregoing is true and correct.

Date: September 25, 2023    Signature of Plaintiff: _____

(Revised 4/4/14)

7.

DeWayne Thompson, T12115
P.O. Box 290066
Represa, Ca 95671

United States District Court
Eastern District of California

DeWayne Thompson
                  Plaintiff

VS.

L. Addison, Corr. CNA et al
                  Defendant(s)

Case no. 1:22-CV-01545 HBK(PC)

Notice of submission of Volumous, Indexed
Appendix/Exhibits as part of Pleadings
Pursuant to Fed. R. Civ. P. § 10(c)

        Plaintiff, Pro se, submits with Pleading _____ pages of Volumous
appendix/exhibits to second amended complaint (SAC) that are part of
Pleadings by reference therein Pursuant to Fed. R. Civ. P. § 10(c).

Date September 25,      2023

                                        Respectfully Submitted

                                        By/s/ _____
                                          DeWayne Thompson
                                          Pro se

Dewayne Thompson, T 12115
P.O. Box 3461 (4001 King Ave)
Corcoran, Ca 93212
 In Pro se

Re: Thompson v. Addison, etal
Case no: 1:22-CV-01545 HBK (PC)

## Appendix Indexed

**A.)** Healthcare grievance regarding Defendants Addison and T. Nelson invasion of bodily privacy and retaliation

**B.)** Disciplary Hearing Results (DHR) for IEX RVR by Defendant L. Addison. DHR discloses Questions and answers by Addison, Alapisco, and Psychologist Houston; whereof, supports Plaintiff claims of Addison intruding on his privacy, falsifying RVR that Plaintiff committed IEX infraction, and Deliberate indifference by falsified RVR.

**C.)** Defendant Addison Amended RVR

**D.)** Defendant Addison original accounts of IEX RVR redacted by Sgt. Ortega and Lt. Staley

**E.)** Mental Health records, hunger strike, stress and depression from false IEX RVR

**F.)** ~~Disciplinary Appeal RVR by officer Barrios J. for Plaintiff allegedly delaying his duty in investing Plaintiffs sexual assault allegations against Defendant Rocha.~~

**G.)** Cell search receipt by J. Rocha and A. Lopez, Punative cell search

**H.)** ~~Mental Health records, hunger strike, stress and depression for exercise yard deprivation~~

**I.)** ~~Deprivation exercise yard grievance~~

**J.)** RVR by A. Lopez charging Plaintiff with Possession of deadly weapon for having unaltered, unweaponized disposable state razor

**K.)** Punative cell search grievance

**L.)** Staff misconduct grievance regarding Confiscation of state radio loaned to Plaintiff after Defendant took coaxial cable to TV preventing him from watching it and official Planting Razor in Plaintiffs cell after Lopez wrote him up for razor being deadly weapon.

RE: Thompson V. Addison, et al

Case no. _____

Appendix (Continued)

N.) Deliberate Indifference grievance for Sgt. E Garcia

M.) Racial discrimination grievance by officer J. Rocha and A. Lopez

O.) Retaliation, Discrimination, and Conspiracy grievance for Defendant R. Roqua

P.) Grievance for Defendant Lopez's misconduct in disciplinary hearing for IEX alleged by Defendant Addison

Q.) Granted grievance for rehearing due to Lopez misconduct in disciplinary hearing for IEX alleged by Defendant Addison.

R.) ~~Grievance for Lopez's misconduct in disciplinary hearing Defendant J. Barrios covering up Plaintiff's sexual assault allegations~~

S.) Declaration by witness Isaiah Springs attesting to harm of Plaintiff by yellow placard identifying him as sex offender

T.) Witness A. R. Jeter's Declaration

# Appendix A

## HealthCare Grievance

1.) PREA Allegations against Defendant
___ Nelson

2.) Addison's retaliation RVR

9 pages



# CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES



**Institutional Level Response**

**Closing Date:**     SEP 2 0 2022

**To:**     THOMPSON, DEWAYNE (T12115)
S INFC1011001LP
California State Prison – Corcoran
P.O. Box 8800
Corcoran, CA 93212-8309

**Tracking #**     COR SC 22000085

## RULES AND REGULATIONS
The rules governing these issues are: California Code of Regulations, Title 15; Health Care Department Operations Manual; Mental Health Services Delivery System Program Guide; California Department of Corrections and Rehabilitation Department Operations Manual.

## HEALTH CARE GRIEVANCE SUMMARY
Refer to the attached CDCR 602 HC, Health Care Grievance, in which you explained the decision, action, condition, omission, policy, or regulation that has had a material adverse effect upon your health or welfare for which you seek administrative remedy.

The reviewing authority completed a review of the allegation of staff misconduct presented in the attached CDCR 602 HC, Health Care Grievance, and categorized your health care grievance as a staff complaint. Your health care grievance was referred for a confidential inquiry to address the allegation of staff misconduct.

## GRIEVANT INTERVIEW
On September 13, 2022, you were interviewed by W. Doering, Supervising Registered Nurse II. Interviewer asked you if you had submitted the Health Care 602, to which you stated, "Yes." Interviewer asked you if you would like to add anything to your submitted Health Care 602, to which you stated you did not. Interviewer asked you if there were any witnesses to the alleged incident, to which you stated you did not think so.

## WITNESS INTERVIEW(S)

[X] No witnesses were interviewed.

[ ] The following witnesses were interviewed: [first initial(s) last name(s), title(s) if applicable].

The following witnesses were not interviewed: J. Zapata, Correctional Officer was unable to be interviewed due to being on leave.

## SUBJECT OF THE STAFF COMPLAINT INTERVIEW
L. Addison, Certified Nursing Assistant was interviewed.

---

Note 1: The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3: Permanent health care grievance document. Do not remove from the health care grievance package.

CALIFORNIA CORRECTIONAL
HEALTH CARE SERVICES

1

## INSTITUTIONAL LEVEL DISPOSITION
No intervention, as the confidential inquiry is complete and all issues were adequately addressed.

## BASIS FOR INSTITUTIONAL LEVEL DISPOSITION
Your health care grievance package and health record and all pertinent departmental policies and procedures were reviewed.

With respect to one or more of the issues grieved, it has been concluded that staff:

[X]    did not violate California Department of Corrections and Rehabilitation policy.

[ ]    violated California Department of Corrections and Rehabilitation policy.

Due to the nature of your allegations, your health care grievance was referred for review per Prison Rape Elimination Act guidelines; however, your allegations were deemed not to meet the criteria for a Prison Rape Elimination Act investigation.

Complaints against staff are taken seriously and all efforts are made to ensure these matters are thoroughly researched and responded to in accordance with governing laws, rules, and policies. Any report generated or action taken is confidential and will not be released to inmates under any circumstances.

If you have health care needs, you may access health care services by utilizing approved processes in accordance with California Correctional Health Care Services policy.

If you are dissatisfied with the Institutional Level Response, follow the instructions on the CDCR 602 HC, Health Care Grievance, and submit the entire health care grievance package for headquarters' level review. The headquarters' level review constitutes the final disposition on your health care grievance and exhausts your administrative remedies.

Note 1:  The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2:  The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3:  Permanent health care grievance document.  Do not remove from the health care grievance package.

_N. Doering SRN II_ _____

Interviewer

W. Doering

Supervising Registered Nurse II

California State Prison – Corcoran

9.20.2022 _____

Reviewed and Signed Date

_McD @ CEO, CSP (A)_ _____

Reviewing Authority

E. McDaniel

Chief Executive Officer (A)

California State Prison – Corcoran

9/30/22 _____

Reviewed and Signed Date

Note 1:  The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.

Note 2:  The closing date reflects the closed, mailed/delivered date of the health care grievance.

Note 3:  Permanent health care grievance document.  Do not remove from the health care grievance package.

CALIFORNIA CORRECTIONAL
HEALTH CARE SERVICES

 CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES


**Headquarters' Level Response**

**Closing Date:** DEC 1 5 2022

**To:** THOMPSON, DEWAYNE (T12115)
California State Prison – Corcoran
P.O. Box 8800
Corcoran, CA 93212-8309

**From:** California Correctional Health Care Services
Health Care Correspondence and Appeals Branch
P.O. Box 588500
Elk Grove, CA 95758

**Tracking #:** COR SC 22000085

## RULES AND REGULATIONS
The rules governing these issues are: California Code of Regulations, Title 15; Health Care Department Operations Manual; Mental Health Services Delivery System Program Guide; California Department of Corrections and Rehabilitation Department Operations Manual.

## HEALTH CARE GRIEVANCE SUMMARY
Refer to the attached CDCR 602 HC, Health Care Grievance, in which you explained the decision, action, condition, omission, policy, or regulation that has had a material adverse effect upon your health or welfare for which you seek administrative remedy.

The institutional level reviewing authority categorized your health care grievance as a staff complaint and referred your health care grievance for a confidential inquiry to address the allegation of staff misconduct.

## HEADQUARTERS' LEVEL DISPOSITION

[X] No intervention.   [ ] Intervention.

## BASIS FOR HEADQUARTERS' LEVEL DISPOSITION
Your health care grievance package and health record, the supervisor's Confidential Inquiry Report, and all pertinent departmental policies and procedures were reviewed. Records indicate the content of the Confidential Inquiry Report supported the conclusion that staff did not violate California Department of Corrections and Rehabilitation policy.

Complaints against staff are taken seriously and all efforts are made to ensure these matters are thoroughly researched and responded to in accordance with governing laws, rules, and policies. Any report generated or action taken is confidential and will not be released to inmates under any circumstances. You have been provided all information to which you have a right under California Code of Regulations, Title 15, Section 3999.231.

---

Note 1: The headquarters' level review is based on records available as of the date the Headquarters' Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.

CALIFORNIA CORRECTIONAL
**HEALTH CARE SERVICES**

P.O. Box 588500
Elk Grove, CA 95758

4.

Per California Code of Regulations, Title 15, Section 3999.227(e), "The grievant is limited to one issue or set of issues related to a single health care discipline that can reasonably be addressed in a single health care grievance response." As such, this response will only address your allegations against L. Addison, Certified Nursing Assistant (CNA). Your allegations against T. Nelson, CNA, are being addressed in health care staff complaint tracking number COR SC 22000086.

Per California Code of Regulations, Title 15, Section 3004(a), "Inmates and parolees have the right to be treated respectfully, impartially, and fairly by all employees. Inmates and parolees have the responsibility to treat others in the same manner." Additionally, per the Health Care Department Operations Manual, Section 2.1.1, Patients' Rights, the individual patient's rights are maintained in concurrence with established medical ethics and to preserve the basic human dignity of the patient. Certain rights may be limited by reasonable application of security regulations. Per California Code of Regulations, Title 15, Section 3999.226(e), "Staff shall not take reprisal against the grievant for filing a health care grievance."

If you have health care needs, you may access health care services by utilizing approved processes in accordance with California Correctional Health Care Services policy.

This decision exhausts your administrative remedies.

Digitally signed
by HCCAB
for Date:
2022.12.14
18:15:59 -08'00'

S. Gates, Chief
Health Care Correspondence and Appeals Branch
Policy and Risk Management Services
California Correctional Health Care Services

December 14, 2022

Reviewed and Signed Date

Note 1:  The headquarters' level review is based on records available as of the date the Headquarters' Level Response is signed by the reviewing authority.
Note 2:  The closing date reflects the closed, mailed/delivered date of the health care grievance.

P.O. Box 588500
Elk Grove, CA  95758

*Health Care Appeals Office* *PREA Claims* COR SC 22000085

TREAT AS ORIGINAL

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE**
CDCR 602 HC (Rev. 10/18)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 1 of 2

CORHC 22001011

| STAFF USE ONLY | Expedited? | ☐ Yes ☒ No | Tracking #: |
|---|---|---|---|

N Flores RN _____ 7/11/2022
Staff Name and Title (Print) | Signature | Date

If you think you have a medical, mental health or dental emergency, notify staff immediately. If additional space is needed, use Section A of the CDCR 602 HC A Health Care Grievance Attachment. Only one CDCR 602 HC A will be accepted. You must submit this health care grievance to the Health Care Grievance Office for processing. Refer to California Code of Regulations (CCR), Title 15, Chapter 2, Subchapter 2, Article 5 for further guidance with the health care grievance process.

**Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First, MI): | CDCR #: | Unit/Cell #: |
|---|---|---|
| Thompson DeWayne | T12115 | Ad-Seg |

**SECTION A:** Explain the applied health care policy, decision, action, condition, or omission that has had a material adverse effect upon your health or welfare for which you seek administrative remedy:

On June 29, 2022 between 7AM-11AM I was sexually harrassed by CNA Nelson (2nd Watch, HUC) and on June 30, 2022, I was retaliated against by CNA Adison (2nd Watch, HUC) Due take notice both events are related. On June 29, 2022, I let Nelson know that I was about to exercise to alleviate my stress and anger. Therefore, me being in crisis bed and in a Smoc I let Nelson know that I was going to put paper in my window for Privacy. To insult me, Nelson placed a Placard on my window, which represents IEX behavior. I condoned her doing so for privacy. However, she told me that she would Knock on my door before checking on me because she knew I would be naked. Rather than the "Knock and check" she wandered off to a compartment to the cell I was assigned to (Huc (6), which

| Supporting Documents Attached. Refer to CCR 3999.227 | ☐ Yes ☒ No | But video footage relative to mentioned times |
|---|---|---|

Grievant Signature: _____ Date Submitted: 6/30/22

BY PLACING MY INITIALS IN THIS BOX, I REQUEST TO RECEIVE AN INTERVIEW AT THE INSTITUTIONAL LEVEL: DT

**SECTION B:** HEALTH CARE GRIEVANCE REVIEW INSTITUTIONAL LEVEL: Staff Use Only | Is a CDCR 602 HC A attached? ☒ Yes ☐ No

This grievance has been:

☐ Rejected (See attached letter for instruction): Date: _____ Date: _____

☐ Withdrawn (see section E)

☒ Accepted | Assigned To: Medical Nursing | Title: SRN II | Date Assigned: 8/1/2022 Date Due 9/13/2022

TREAT AS ORIGINAL

Interview Conducted? ☒ Yes ☐ No | Date of Interview: 9.13.2022 | Interview Location: 3A03-150

Interviewer Name and Title (print): W. Doering, SRN II | Signature: _____ SRN II | Date: 9.13.22

Reviewing Authority
Name and Title (print): N Fam, SC RA | Signature: _____ | Date: 9/20/22

| Disposition: See attached letter | ☐ Intervention | ☒ No Intervention |
|---|---|---|

HCGO Use Only: Date closed and mailed/delivered to grievant: SEP 20 2022

| 1. Disability Code: | 2. Accommodation: | 3. Effective Communication: |
|---|---|---|
| ☐ TABE score ≤ 4.0 | ☐ Additional time | ☐ Patient asked questions |
| ☐ DPH ☐ DPV ☐ LD | ☐ Equipment ☐ SLI | ☐ Patient summed information |
| ☐ DPS ☐ DNH | ☐ Louder ☐ Slower | Please check one: |
| ☐ DDP | ☐ Basic ☐ Transcribe | ☐ Not reached* ☐ Reached |
| ☒ Not Applicable | ☐ Other* | *See chrono/notes |
| 4. Comments: | | |

RECEIVED COR JUL 11 2022 HCGO

COMPLETED COR SEP 20 2022 HCGO

STAFF USE ONLY

6.

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
**HEALTH CARE GRIEVANCE**
Page 2 of 2
CDCR 602 HC (Rev. 10/18)

COR SC 22000085

Tracking #:

| SECTION C: | **Health Care Grievance Appeal.** If you are dissatisfied with the Institutional Level Grievance Response, explain the reason below (if more space is needed, use Section C of the CDCR 602 HC A), and submit the entire health care grievance package by mail for Headquarters' (HQ) Level health care grievance appeal review. Mail to: Health Care Correspondence and Appeals Branch, P.O. Box 588500, Elk Grove, CA 95758. |
|---|---|

I'm Dissatisfied with findings for T. Nelson violated my expectation of bodily Privacy to be shielded from opposite sex. And L. Addison retaliated against me for exercising my right to grievance System.

Grievant Signature: _____    Date Submitted: 9/26/22

| SECTION D: | HEALTH CARE GRIEVANCE APPEAL REVIEW HQ LEVEL: Staff Use Only | Is a CDCR 602 HC A attached? ☑ Yes ☐ No |
|---|---|---|

This grievance has been:

☐ Rejected (See attached letter for instruction):    Date: _____    Date: _____

☐ Withdrawn (see section E)    ☑ Accepted

☐ Amendment    Date: _____

Interview Conducted?    ☐ Yes  ☑ No    Date of Interview: _____    Interview Location: _____

Interviewer Name and Title (print): _____    Signature: _____    Date: _____

**Disposition:** See attached letter    ☐ Intervention    ☑ No Intervention

*This decision exhausts your administrative remedies.*

HQ Use Only: Date closed and mailed/delivered to grievant:    **DEC 1 5 2022**

| SECTION E: | Grievant requests to WITHDRAW health care grievance: I request that this health care grievance be withdrawn from further review. Reason: |
|---|---|

Grievant Signature: _____    Date Submitted: _____

Staff Name and Title (Print): _____    Signature: _____    Date: _____

COMPLETED
COR
SEP 2 0 2022
HCGO

COMPLETED
COR HCGO
**STAFF USE ONLY**
DEC 1 5 2022

Distribution: **Original** - Returned to grievant after completed; **Scanned Copy** - Health Care Appeals and Risk Tracking System 2.0 (Do not place in central file or health record)

*Unauthorized collection, creation, use, disclosure, modification or destruction of personally identifiable information and/or protected health information may subject individuals to civil liability under applicable federal and state laws.*

7

STATE OF CALIFORNIA                                                              DEPARTMENT OF CORRECTIONS AND REHABILITATION
**HEALTH CARE GRIEVANCE ATTACHMENT**                                                                   Page 2 of 2
CDCR 602 HC A (10/18)

COR SC 22000088

COR HC 22001011

Tracking #:

| **SECTION C:** | Continuation of CDCR 602 HC, Health Care Grievance Appeal, Section C only (Dissatisfied with Health Care Grievance Response): |

Had a window for her to look into my cell while I was working out.
I looked up and saw Nelson watching me work out while I was
naked. I asked her "why was she in room watching me through window
when she said she would knock and check" I called her a Pervert and let her
know I was going to write her up. Later that day she was teasing me about
my Genitals with CNA Adison (commenting on it's size) Therefore, we were
ridiculing each other. And I said some rude comments to Adison. Therefore, on
June 30, 2022, I was confined to my crisis bed cell Huc 16. I still had
Placard on window Nelson Put up for Privacy well as I had Paper in my
window for additional coverage for Privacy. The CNA Alapisco was Sitting on
me for a 1 on 1. I let her know I was going to work out and bird bath.
(About 6:30Am to 10AM) She condoned and "knocked before looking into my cell.
or awaited a response. She wounded up taking a short break without my
knowledge because my window was covered. I was naked in my cell after
taking bird bath. I was letting the 1 Pair of my boxers I had air out.
Adison took over while Alapisco took her break. She went out her way to
look into my cell, raising herself with a chair. And she saw me naked. I got
angry coupled with incident a day Prior. And I began calling her a Pervert
And informing her I was going to write her up. In return, she said 2 can Play game and word
a false TBX report on me.

Grievant Signature: _____                Date Submitted: 6/30/22

| **SECTION D.** | Staff Use Only: Grievants do not write in this area. Grievance Appeal Interview Clarification. Document issue(s) clarified during interview (If necessary at HQ Level). |

TREAT AS
ORIGINAL

Name and Title: _____        Signature: _____        Date: _____

RECEIVE/
COR
JUL 1 1 2022
HCGO

COMPLETED
COR
SEP 2 0 2022
HCGO

**STAFF USE ONLY**

**Distribution: Original -** Returned to grievant after completed, **Scanned Copy -** Health Care Appeals and Risk Tracking System 2.0 (Do not place in central file or health record)

*Unauthorized collection, creation, use, disclosure, modification or destruction of personally identifiable information and/or protected health information may subject individuals to civil liability under applicable federal and state laws.*

8.

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE ATTACHMENT**
CDCR 602 HC A (10/18)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
~~TREAT AS ORIGINAL~~
Page 1 of 2

| STAFF USE ONLY |
| --- |
| Tracking #: **CORSC 22000085** |

Attach this form to the CDCR 602 HC, Health Care Grievance, only if more space is needed. Only one CDCR 602 HC A may be used.
**Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First, MI): Thompson Dewayne | CDCR Number: T12115 | Unit/Cell Number: Ad-Seg |
| --- | --- | --- |

| **SECTION A:** | Continuation of CDCR 602 HC, Health Care Grievance, Section A only (Explain the applied health care policy, decision, action, condition, or omission that has had a material adverse effect upon your health or welfare for which you seek administrative remedy): |
| --- | --- |

Turn around

Grievant Signature: _____      Date Submitted: 6/30/22

**SECTION B:** Staff Use Only: Grievants do not write in this area. Grievance Interview Clarification. Document issue(s) clarified during interview.

Name and Title: _____      Signature: _____      Date: _____

COMPLETED
COR
SEP 20 2022
HCGO

**S T A F F   U S E   O N L Y**

COMPLETED
HCGAB
DEC 15 2022

9

# Appendix B

## Disciplinary Hearing Results (DHR)

CNA Addison's Q&A Pg. 5
CNA Alapisco Q&A Pg. 6
Action Taken Section Pg 1
Staff Assistant (S.A.) Pg 3

<u>5</u> Pages (front and back)



**CALIFORNIA DEPARTMENT of**
**Corrections and Rehabilitation**

# DISCIPLINARY HEARING RESULTS

| | | |
|---|---|---|
| Institution Name: California State Prison, Corcoran | Facility: COR-Central Service | Log Number: 000000007199427 |
| Inmate Name: THOMPSON, DEWAYNE R. | CDC #: T12115 | Bed Number: COR-S - S INFC1 - 016001L |
| TABE Score: 09.4 | MH LOC: MHCB | DDP Status: NCF |

## DUE PROCESS

Rule Violation #: 3007 — Specific Act: Indecent Exposure Without Prior Convictions for PC 314

Level: Serious — Offense Division: Division D

Offense Occurrence: 3rd (or more) Occurrence

Violation Date: 06/30/2022 — Violation Time: 08:06:00

Hearing Date: 08/05/2022 — Hearing Time: 11:00:00

Did a laboratory confirm the evidence tested positive for Controlled substances?: No

### Actions Taken

| Date | Time | Type/Reason | Staff | Elapsed Days |
|---|---|---|---|---|
| 07/01/2022 | 12:26:20 | RVR Ready for Review by Supv. | A. Miranda | 1 |
| 07/01/2022 | 13:35:27 | RVR Approved by Supervisor | D. Stanley | 1 |
| 07/01/2022 | 13:36:04 | RVR Classified | D. Stanley | 1 |
| 07/01/2022 | 13:36:05 | MH Assessment Requested | D. Stanley | 1 |
| 07/06/2022 | 11:02:48 | MH Assessment Received | U. UNKNOWN | 6 |
| 07/08/2022 | 09:06:56 | Inmate Copy Served Initial Rules Violation Report; MH Assessment Report | O. Barajas | 8 |
| 07/08/2022 | 09:08:31 | IE Assigned | O. Barajas | 8 |
| 07/08/2022 | 09:09:02 | SA Assigned | O. Barajas | 8 |
| 07/15/2022 | 11:32:58 | IE Report Prepared | O. Barajas | 15 |
| 07/15/2022 | 11:33:33 | IE Report Ready for Review | O. Barajas | 15 |

| 07/15/2022 | 11:35:56 | IE Report Approved By Supervisor | I. Bueno | 15 |
| 08/03/2022 | 09:14:04 | Inmate Copy Served<br>Incident Report; Investigative Report; Medical Evaluation Report; Other | O. Barajas | 34 |
| 08/04/2022 | 11:02:06 | SA Inmate Interaction | A. Lopez | 35 |

All Time Constraints Met?: Yes          SHO/HO DDP Certified?: [Yes]

**Due Process Additional Information:**

Subject made a personal appearance before this Senior Hearing Officer. He acknowledged that he was in good health and ready to proceed with the hearing at this time. The subject was advised of the charges against him and the purpose of this hearing. All time constraints were met. The subject acknowledged that he received a copy of all pertinent reports more than 24 hours prior to this hearing and that he was prepared to proceed with this hearing. This Senior Hearing Officer read the charges to the Subject.

## HEARING

⊙ Subject elected not to participate in the adjudication process by refusing to attend the hearing. An Informational Chrono was generated documenting the refusal to attend the hearing.

⊙ Subject was Present, in good health and ready to proceed.

**Hearing Additional Information**

Subject is currently a participant of the MHSDS at the EOP level of care. Subject is currently a max level inmate.

## DISABILITY

☐ Hearing ☐ Vision ☐ Mobility ☐ Learning ☐ Developmental/Cognitive
☐ Other ☐ None

Requires Accommodation? [No]

### DDP Specific Information

128-C2 Reviewed? [No]                              Current DDP Status Date:
                                                    04/10/2001

Did the Reporting Employee document the use of Adaptation Support(s)? [N/A]

| Adaptive Support | Contribute | How | |
|---|---|---|---|
| | No | | |

| Victimization | Contribute | How | |
|---|---|---|---|
| | No | | |

**Disability Additional Information:**

No documented Disabilities

## MENTAL HEALTH ASSESSMENT

2.

| L. Addison | | CNA | | Reporting Employee | | Yes |

Inmate Thompson : Asked Questions to CNA L. Addison

1. When you relieved CNA Alapisco for her short break was my window cover and placard up?
A: No, cell #16 it's a multiple hanging point cell so they have a direct observation at all times.

2. The previous times you relieved CNA's watching me did I verbally abuse you?
A: Irrelevant

3. Did you resent me for my verbal abuse?
A: Irrelevant

4. Before looking over window cover and placard, did you knock or give me notice before doing such?
A: Irrelevant, you are in constant observation at all times.

5. Did you ever consider placard and window cover being in my window was a sign of a little privacy?
A: Irrelevant, referred to answer #4

6. Could this have been prevented had you given me notice before looking in my cell?
A: Irrelevant, referred to answer #4.

Additional Questions:

1. Your answer that you had direct observation into Thompson's cell on June 30, 2022 and saw him masturbating.
A: Yes

2. Did you notice Thompson exposing himself upon you arriving at his cell.
A: Irrelevant, referred to additional questions answer #1. *She said yes on speaker phone. Audio video captured it.*

3. Did you notice Thompson exposing himself since you had direct observation into his cell.
A: Irrelevant, referred to additional questions answer #1.

4. How long were you able to observe Thompson expose himself.
A: Irrelevant

5. Did he have enough time to cover himself upon you observing him allegedly exposing himself.
A: No. He approached the cell door.

6. Was CNA Alapisco present upon your arriving at Thompsons cellfront.
A: She was gone.

7. Video footage, CNA Alapisco and in your RVR it is conformed Thompson had a placard on his cell front window. How come you deny this fact when you were investigated on matters.
A: Irrelevant Inmate Thompson stated he requested the placard to be placed on his window for privacy. In addition in the RVR L. Addison stated the following : I was performing suicide watch and there was a placard partially placed on the window.

8. Does the placard represent precautionary measures when peering inside a patients cell.
A: Irrelevant, referred to additional questions answer #7. *Addison responded Placard represents sex offender....*

| A. Alapisco | | CNA | | Witness | | No |

**Questions Asked**

3.

CNA Alapisco
1. On June 30, 2022, where you the primary CNA assigned to watch me for a 1 on 1 at my cell front in crisis bed?
A: Yes
2. While you were watching me for 1 on 1 was there a placard on my window?
A: Yes
3. Did I put paper in window to cover cell front window more due to me informing you I wanted privacy to work out and bird bath?
A: Yes, He was going to exercise and wanted privacy
4. Would you knock before looking in cell to check on me for courtesy and respect my privacy?
A: Yes
5. When CNA Addison relieved you for short break, was my window cover and placard up?
A: Yes

| I. Garcia | CNA | Witness | No |
|---|---|---|---|
| **Questions Asked** | | | |

CNA Garcia
1. On June 29, 2022 when you replaced CNA Nelson to watch me at my cell front for a 1 on 1. Did I inform you that I got into it with Addison and Nelson?
A: I don't recall

| I. Houston | LCP | Witness | No |
|---|---|---|---|
| **Questions Asked** | | | |

Psychologist Houston
1. Do you remember interviewing Thompson about his RVR for IEX on July 6, 2022?
A: Yes
2. Did not you confirm that staff should knock before looking into a patient or inmate cell when a placard or window cover is up before looking in?
A: Yes, they need to knock to indicate their presence.

| Inmate Witness(es) | | | | |
|---|---|---|---|---|
| **CDC#** | **Name** | **Bed** | **Granted?** | |
| **Questions Asked** | | | | |
| | | | | |

**Witness Additional Information:**

| |
|---|
| |

## PLEA AND STATEMENT

**PLEA/STATEMENT:** The above circumstances were read aloud to subject and elected to plea: | Not Guilty |

○ Subject declined to make a statement
◉ Subject made a statement

**Comments:**

I plea not guilty

## FINDINGS

Subject was found: | Guilty as Charged | based on a preponderance of evidence.

Lesser Included Charge:

Level:                                        Offense Division:

Offense Occurrence:

4.

CALIFORNIA DEPARTMENT *of*
## Corrections and Rehabilitation

# RVR SUPPLEMENTAL

| CDC NUMBER T12115 | INMATE'S NAME THOMPSON, DEWAYNE R. | FACILITY COR-Central Service | LOG NUMBER 000000007199427 | DATE 07/15/2022 |
|---|---|---|---|---|

○ SUPPLEMENTAL REPORT  ⊙ INVESTIGATIVE REPORT  ○ STAFF ASSISTANT REPORT

INVESTIGATIVE EMPLOYEE STATEMENT: I, Correctional Officer O. Barajas, was assigned as the Investigative Employee (IE) for Rules Violation Report (RVR) Log#7199427 for the specific act of: "INDICENT EXPOSURE WITHOUT PRIOR CONVICTIONS FOR PC314" I asked Inmate THOMPSON CDC#T12115 (Subject) if he had any objections to me serving in this capacity and explained that my role of Investigative Employee is that of a fact-finder for the Senior Hearing Officer (SHO). Inmate THOMPSON accepted my role as the Investigative Employee in this matte, and sign his 115A indicating his request on 7/08/22.

INMATE STATEMENT: Video evidence will show that my window was covered with placard and paper for privacy during my exercising, and me reprimanding Addison for looking over window cover before knocking. Culminating to her alerting Officer Rojas on false charges of me jacking off to her. When I was not. This write up is out of spite and retaliation for previous events when I verbally abuse Addison in matters when my privacy was violated by her. Co-worker Nelson and I threatening to write her up for not respecting my privacy and being unethical by laughing at me when Nelson made degrading remark about my genitals.

REPORTING EMPLOYEE STATEMENT: NONE
STAFF WITNESS REQUESTED AT HEARING: NONE
INMATE WITNESS REQUESTED AT HEARING: NONE
STAFF WITNESS STATEMENTS: NONE
INMATE WITNESS STATEMENTS: NONE
REPORTING EMPLOYEE REQUESTED AT HEARING: NO
INVESTIGATIVE EMPLOYEE REQUESTED AT HEARING: NO
STAFF ASSISTANT PRESENT DURING INTERVIEW: YES
INMATE QUESTIONS:
CNA Alapisco
1. On June 30, 2022, where you the primary CNA assigned to watch me for a 1 on 1 at my cell front in crisis bed?
A: Yes
2. While you were watching me for 1 on 1 was there a placard on my window?
A: Yes
3. Did I put paper in window to cover cell front window more due to me informing you I wanted privacy to work out and bird bath?
A: Yes, He was going to exercise and wanted privacy
4. Would you knock before looking in cell to check on me for courtesy and respect my privacy?
A: Yes
5. When CNA Addison relieved you for short break, was my window cover and placard up?
A: Yes
CNA Garcia
1. On June 29, 2022 when you replaced CNA Nelson to watch me at my cell front for a 1 on 1. Did I inform you that I got into it with Addison and Nelson?
A: I don't recall
CNA Addison
1. When you relieved CNA Alapisco for her short break was my window cover and placard up?
A: No, cell #16 it's a multiple hanging point cell so they have a direct observation at all times.
2. The previous times you relieved CNA's watching me did I verbally abuse you?
A: Irrelevant
3. Did you resent me for my verbal abuse?
A: Irrelevant
4. Before looking over window cover and placard, did you knock or give me notice before doing such?
A: Irrelevant, you are in constant observation at all times.
5. Did you ever consider placard and window cover being in my window was a sign of a little privacy?

5.

A: Irrelevant, referred to answer #4
6. Could this have been prevented had you given me notice before looking in my cell?
A: Irrelevant, referred to answer #4.
Psychologist Houston
1. Do you remember interviewing Thompson about his RVR for IEX on July 6, 2022?
A: Yes
2. Did not you confirm that staff should knock before looking into a patient or inmate cell when a placard or window cover is up before looking in?
A: Yes, they need to knock to indicate their presence.

INVESTIGATIVE EMPLOYEE COMMENT: I was assigned as the Investigative Employee for this RVR and, as such, I interviewed the subject and informed him of his right to request witnesses, both staff and inmates, to be at the hearing and of his right to provide questions for the witnesses. The subject did provide a statement, and questions. There were no other witnesses to be interviewed and I concluded my investigative duties.

| SIGNATURE OF WRITER:<br>O. Barajas | | |
|---|---|---|
| | TITLE:<br>c\o | DATE:<br>07/15/2022 |

CDCR SOMS ISST122 - RVR SUPPLEMENTAL

6.

# Appendix C
## Amended RVR
### Addison's 2nd Allegations

1 Page



**CALIFORNIA DEPARTMENT of**
**Corrections and Rehabilitation**

# RULES VIOLATION REPORT

| CDC NUMBER T12115 | INMATE'S NAME THOMPSON, DEWAYNE R. | EPRD 02/08/2036 | FACILITY COR-Central Service | HOUSING LOCATION COR-S – S INFC1 - 016001L |
|---|---|---|---|---|
| VIOLATION DATE 06/30/2022 | VIOLATION TIME 08:06:00 | VIOLATION LOCATION COR-Central Service – CELL | | WITH STG NEXUS No |

Did the reporting employee ensure the inmate understands (to the best of his/her ability) the consequences of the continued misconduct? N/A

Did the reporting employee take into consideration the severity of the inmate's disability and the need for adaptive support services when determining the method of discipline? N/A

CIRCUMSTANCES OF VIOLATION

I Officer A. Miranda is entering this RVR on behalf of (CNA) L. Addison due to her not having access to SOMS. On Thursday June 30, 2022 at approximately 0806 hours, Inmate Thompson T12115 INF-C-16 committed the act of Indecent Exposure with masturbation while I, Certified Nursing Assistant (CNA) L. Addison was performing my assigned duties. During this time, I was performing suicide watch and there was a placard partially placed on the window. When I positioned myself high enough to look over the placard to see inmate Thompson, he was looking directly towards the door and in my direction making eye contact and did not make any attempt to conceal his naked body while stroking an erect penis in an up and down motion. I banged on his door loudly and stated to him, "Do not do that!" as I felt overwhelmed in embarrassment and disgusted. He immediately launched himself towards the door and became aggressive in his tone towards me. I then pushed myself a little ways from the door to look for an officer to report this incident to as I cannot remove myself from a one to one inmate/patient. Correctional Sergeant M. Ortega was notified immediately of what occurred.

| REPORTING EMPLOYEE A. Miranda | TITLE c\o | ASSIGNMENT | RDO | DATE: 07/01/2022 |
|---|---|---|---|---|

RVR LOG NUMBER: 000000007199427          VIOLATED RULE NUMBER: 3007

SPECIFIC ACT: Indecent Exposure With Prior Convictions for PC 314

CLASSIFICATION

LEVEL: Serious                                OFFENSE DIVISION: Division B

REFERRED TO: Senior Hearing Officer          FELONY PROSECUTION LIKELY: No

| REVIEWING SUPERVISOR D. Stanley | TITLE Lieutenant | DATE 07/01/2022 |
|---|---|---|

| CLASSIFIED BY<br>D. Stanley | TITLE<br>Lieutenant | DATE<br>07/01/2022 |
| --- | --- | --- |

CDCR SOMS ISST120 – RULES VIOLATION REPORT

Appendix D

Original Version of Defendant
Addison account of Incident that
Plaintiff received. Her reports to
Sgt Ortega and Lt. Staley

1 Page

| CDCR | INCIDENT REPORT PACKAGE | PAGE: | 9 |
|---|---|---|---|
| REPORT NO. IRTR161 - 12 | | PROCESSED: 07/15/2022 11:37 | |
| | INCIDENT LOG NUMBER: 00000000041197 | REQUESTOR: I. Bueno | |

## STAFF NARRATIVE

**STAFF NAME:** Stanley, ⬛          **NARRATIVE TYPE:** Initial Report

**CREATED DATE:** 07/05/2022          **CREATED TIME:** 11:06:17

### NARRATIVE

On June 30, 2022 at approximately 0806 hours, Inmate Thompson T12115 INF-C-16, committed the act of Indecent Exposure with Masturbation.

Specifically when medical staff were completing their suicide watch observations, she observed Inmate Thompson stoking his erect penis in an up and down motion while making direct eye contact with her. Upon medical staff ordering Inmate Thompson to stop his actions, Inmate Thompson launched himself toward the door and became aggressive in his tone toward her. She (medical staff) immediately left the cell front and notified custody staff of what had occurred.

Inmate Thompson was served an Administration Placement Notice for "Indecent Exposure with Masturbation."

D. Stanley                                                   **DATE:** 07/05/2022

**STAFF SIGNATURE**

**BADGE #:** 68645                          **PERNR:** 24608

**NARRATIVE REVIEWED:** Yes          **REVIEWED BY STAFF:** Pilkerton, Maria

**REVIEWED DATE:** 07/11/2022          **REVIEWED TIME:** 15:13:57

---

**STAFF NAME:** Ortega, ⬛          **NARRATIVE TYPE:** Initial Report

**CREATED DATE:** 06/30/2022          **CREATED TIME:** 11:21:45

### NARRATIVE

On Thursday June 30, 2022 at approximately 0806 hours, Inmate Thompson T12115 INF-C-16 committed the act of Indecent Exposure with masturbation. Specifically, Certified Nursing Assistant (CNA) L. Addison was performing mental health rounds in CTC Unit C, she observed Inmate THOMPSON, exposing his penis. THOMPSON was looking directly towards the door and made eye contact with Addison. THOMPSON did not make any attempt to conceal his naked body while stroking an erect penis in an up and down motion. CNA Addison removed herself from the front of the cell and immediately informed Correctional Sergeant M. Ortega of what occurred. Inmate THOMPSON was immediately placed on IEX Security Precautions (Yellow Placard).

A conducted a (CDCR 7219) Medical Report of Injury or unusual occurrence was conducted, noting no injuries or exposure to chemical agents. Inmate THOMPSON stated "I didn't do anything, I have chest pain".

All appropriate paperwork was processed in accordance with CSP-Corcoran's Operational Procedure 1001, Management of Inmate Sexual Misconduct and Exhibitionism Treatment

M. Ortega                                                   **DATE:** 06/30/2022

**STAFF SIGNATURE**

**BADGE #:** ⬛                          **PERNR** ⬛

**NARRATIVE REVIEWED:** Yes          **REVIEWED BY STAFF:** Stanley, ⬛

**REVIEWED DATE:** 06/30/2022          **REVIEWED TIME:** 14:13:19

1.

**CDCR**

**INCIDENT REPORT PACKAGE**

**PAGE:    11**

**REPORT NO. IRTR161 - 12**

**INCIDENT LOG NUMBER: 000000000041197**

**PROCESSED:** 07/15/2022  11:37
**REQUESTOR:** I. Bueno

| | ACTIONS TAKEN | | | |
|---|---|---|---|---|
| **DATE/TIME** | **ACTION TYPE** | **STAFF NAME** | **REFERRED TO** | **ELAPSED DAYS** |
| 07/12/2022 15:03:18 | Clarification Requested | Bugarin████ | Stanley,████ | 12 |
| 07/11/2022 15:16:00 | Clarification Requested | Pilkerton████ | Ortega,████ | 11 |
| 06/30/2022 14:19:55 | Incident Commander Reviewed | Stanley,████ | Pilkerton████ | 0 |
| 06/30/2022 14:19:39 | Notification | Stanley████ | | 0 |
| 06/30/2022 08:06:00 | Incident Package Initiated | Stanley████ | | 0 |

2.

Appendix E

Mental Health Records

1.) Hunger strike for false RVR
of IEX By Defendant L. Addison

2.) Pro Life factor, Parole Board hearing:
Opportunity for Parole Suitability

4 Pages

COR - California State Prison, Corcoran

Patient: **THOMPSON, DEWAYNE RAMON**
DOB/Age/Birth Gender:    10/8/1977  /  44 years    /  Male        CDCR: T12115

---

### *Mental Health Forms*

Current/recent depressive symptoms :  Yes
Increasing interpersonal isolation :  No
Hopelessness/helplessness :  No
Current/recent psychotic symptoms :  No
Current/recent anxiety or panic symptoms :  Yes
Recent serious medical diagnosis :  No
Current/recent subst abuse/intoxication :  No
pain problems :  No
Agitated or angry :  Yes
Medication hoarding/cheeking :  No

Sparks, Tiffany Lic CSW - 8/3/2022 9:54 PDT

**Protective Factors / Buffers**
Quality of Protective Factors :  08/03/22: IP currently denies SI/HI and/or any plans, means, intent to engage in SIB's and agreed to resume eating. Additionally, IP expresses future orientation as well as clearly demonstrates his ability to self-advocate by speaking with staff (custody, medical, mental health, CIT) about any issues, concerns, and/or problems he is experiencing.

On a regular basis, IP attends yard (exercises) and his MH appointments (groups, 1:1's) as part of his coping skills; IP also identifies spirituality and planning for his future (per IP he has a BPH appointment in about 1 month) once released from incarceration as protective factors.

Sparks, Tiffany Lic CSW - 8/3/2022 11:40 PDT

Family support :  No
Interpersonal social support :  Yes
Religious/spiritual/cultural beliefs :  Yes
Future orientation/plans for future :  Yes
Exercises regularly :  Yes
Positive coping/conflict resolution :  Yes
Children at home :  Yes
Spousal support :  No
Insight into problems :  Yes
Job or school assignment :  Yes
Active and motivated in psych treatment :  Yes
Sense of optimism; self-efficacy :  Yes

Sparks, Tiffany Lic CSW - 8/3/2022 9:54 PDT

**Additional Information and Warning Signs**
Additional Information :   IP was alert and oriented x 4.  He was slightly agitated, but cooperative and respectful with the interview.  He was well groomed, dressed in standard prison attire (safety smock).  Speech was slightly pressured in rate and tone.  Mood was dysphoric; however, IP smiled while conversing with IP.  Affect was full range and congruent.  Thought processes were goal directed.  Thought content was linear.  No delusions were elicited.  Denied perceptual disturbances and did not appear to be responding to internal stimuli.  Attention and concentration were intact.  Fair insight, poor judgment.  Denied SI, HI, plans, means, or intent.  He did not appear to be in acute distress.  IP denied any problems with sleep, but stated he was hungry (due to hunger strike he began on 07/30/22) and ready to accept a meal/tray from custody.

Warning sign of imminent suicide present :   A- Anxiety: Agitation/panic?, A - Agitation/anger: Self-loathing - acting out

---

Legend: c=Corrected, @=Abnormal, C=Critical, L=Low, H=High, f=Result Comment, i=Interp Data, *=Performing Lab

Report Request ID:  59289925                                Print Date/Time:  8/25/2022 10:17 PDT

**WARNING:** This report contains confidential, proprietary, and/or legally privileged
information intended for the recipient only.

COR - California State Prison, Corcoran

Patient:                        **THOMPSON, DEWAYNE RAMON**
DOB/Age/Birth Gender:    10/8/1977  /  44 years    /  Male          CDCR: T12115

---

## *Mental Health Forms*

---

Did the patient refuse to participate or are they currently unable to respond? :  No

Adam, Benjamin Sr Psych Spec - 7/6/2022 10:47 PDT

**C-SSRS Suicidal Ideation**
CSSRS Wish to be Dead 2 :  Yes
1. Have you wished you were dead or wished you could go to sleep and not wake up? (ref) :  Yes
Lifetime: Time he/she felt most suicidal :  Active SI 6/30/2022
CSSRS NonSpecific Active Suicide Thought 2 :  Yes
2. Have you actually had any thoughts of killing yourself? (ref) :  Yes
CSSRS Non Specific Suicide Thought Cmnt :  Active SI 6/30/2022
CSSRS Suicide Idea w- Method No Intent 2 :  Yes
3. Have you been thinking about how you might do this? (ref) :  Yes
CSSRS Suicidal Ideation w- Method Cmnt :  Active SI 6/30/2022
CSSRS Active Suicide Idea Intent no Plan 2 :  Yes
4. Have you had these thoughts and had some intention of acting on them? (ref) :  Yes
CSSRS Suicidal Ideation w-Intent Comment :  Active SI 6/30/2022
CSSRS Suicidal Ideation Intent w-Plan 2 :  Yes
5. Have you started to work out or worked out the details of how to kill yourself? Do you intend to carry out this plan? (ref) :
Yes
CSSRS Suicidal Ideation With Plan and Intent Comment :  Active SI 6/30/2022
CSSRS Lifetime, Most Severe Ideation :  Thoughts and had some intention towards killing themselves
CSSRS Recent, Most Severe Ideation :  Thoughts and had some intention towards killing themselves
CSSRS Frequency of Suicidal Thoughts :  Less than once a week
CSSRS Duration of Suicidal Thoughts :  One to four hours, a lot of the time
CSSRS Controllability of Suicidal Thoughts :  Can control thoughts with a lot of difficulty
CSSRS Deterrents of Suicidal Thoughts :  Uncertain that deterrents stopped you
CSSRS Reasons for Ideation :  Equally for attention, revenge, reaction of others, end pain
CSSRS Intensity of Ideation Total Score :  13

Adam, Benjamin Sr Psych Spec - 7/6/2022 10:47 PDT

**C-SSRS Suicidal Behavior**
1. Actual Attempt(s): A potential self-injurious act committed with at least some wish to die, as a result of the act. There does
not have to be any injury of harm. :  Yes
CSSRS Actual Suicide Attempt :  No
CSSRS Actual Suicide Attempt Comment :
Total Number of Attempts - if none enter "0"
(Banner Bar will reflect the lifetime number) :  3
CSSRS Engaged Non Suicidal Injury 2 :  Yes
2. Has subject engaged in Self-harm without intent? :  Yes
CSSRS Interrupted Suicide Attempts 2 :  No
CSSRS Aborted Self Inter Attempts 2 :  No
CSSRS Prepatory Acts or Behavior 2 :  No
Injury Severity, Initial 1st Attempt Date :  Noose around neck c. 2012
Injury Severity, Most Recent Attempt Date :  7/17/2021 (cut wrist - minor injury, no intent)
Injury Severity, Most Lethal Attempt Date :  Noose around neck  c. 2012
Injury Severity, Initial 1st Attempt :  Minor injury

---

Legend: c=Corrected, @=Abnormal, C=Critical, L=Low, H=High, f=Result Comment, i=Interp Data, *=Performing Lab

Report Request ID:  59288282                                Print Date/Time:  8/25/2022 10:22 PDT

**WARNING:** **This report contains confidential, proprietary, and/or legally privileged
information intended for the recipient only.**

2.

COR - California State Prison, Corcoran

Patient:          **THOMPSON, DEWAYNE RAMON**
DOB/Age/Birth Gender:    10/8/1977  /  44 years    /  Male        CDCR: T12115

| *Progress Notes* |
|---|

Document Type:                         Progress Note-Nurse
Document Subject:                      D/C to 3AO3
Service Date/Time:                     7/6/2022 16:20 PDT
Result Status:                          Auth (Verified)
Perform Information:                   Kaur,Ramandeep UM RN (7/6/2022 16:22 PDT)
Sign Information:                       Kaur,Ramandeep UM RN (7/6/2022 16:22 PDT)
Authentication Information:            Kaur,Ramandeep UM RN (7/6/2022 16:22 PDT)

**Encounter Info:** Patient Name: DEWAYNE THOMPSON,DOB: 10/08/1977,CDCR: T12115,FIN: 89558,Facility: COR,Encounter Type: Inpatient MH
D/C to 3AO3 @16:15 with custody. Education given, meds given. No acute distress noted. Respiration even and unlaborted. Denies any medical concern. DME's and meds sent.

Electronically Signed on 07/06/2022 04:22 PM PDT

Kaur, Ramandeep UM RN, UM RN

Document Type:                         Progress Note-Nurse
Document Subject:                      hunger strike
Service Date/Time:                     7/3/2022 19:44 PDT
Result Status:                          Auth (Verified)
Perform Information:                   Cherland,Derek RN (7/3/2022 19:45 PDT)
Sign Information:                       Cherland,Derek RN (7/3/2022 19:45 PDT)
Authentication Information:            Cherland,Derek RN (7/3/2022 19:45 PDT)

**Encounter Info:** Patient Name: DEWAYNE THOMPSON,DOB: 10/08/1977,CDCR: T12115,FIN: 89558,Facility: COR,Encounter Type: Inpatient MH
Patient is no longer on a hunger strike .

Electronically Signed on 07/03/2022 07:45 PM PDT

Cherland, Derek RN, RN

Document Type:                         Progress Note-Nurse
Document Subject:                      HUNGER STRIKE -MISSED 9 MEALS *actually 11*
Service Date/Time:                     7/3/2022 17:20 PDT
Result Status:                          Auth (Verified)
Perform Information:                   Lewis,Lina RN (7/3/2022 17:22 PDT)
Sign Information:                       Lewis,Lina RN (7/3/2022 17:22 PDT)
Authentication Information:            Lewis,Lina RN (7/3/2022 17:22 PDT)

**Encounter Info:** Patient Name: DEWAYNE THOMPSON,DOB: 10/08/1977,CDCR: T12115,FIN: 89558,Facility: COR,Encounter Type: Inpatient MH
Weight and VS taken. *corresponds 165.04 lbs*
Wgt: 75.02 kg  *started at 180 in June 2022 first hunger strike*
BP: 133/72    *4 days of hunger strike*
o2 sats: 99% RA

Legend: c=Corrected, @=Abnormal, C=Critical, L=Low, H=High, f=Result Comment, i=Interp Data, *=Performing Lab

Report Request ID:  59288282                          Print Date/Time:  8/25/2022 10:22 PDT

**WARNING:** This report contains confidential, proprietary, and/or legally privileged
information intended for the recipient only.

3

COR - California State Prison, Corcoran

Patient:                **THOMPSON, DEWAYNE RAMON**
DOB/Age/Birth Gender:    10/8/1977  /   44 years    /   Male          CDCR: T12115

| | |
|---|---|
| ***Medical Chrono*** | |

No data exists for this section

| | |
|---|---|
| ***Mental Health - Nursing*** | |

No data exists for this section

| | |
|---|---|
| ***Miscellaneous Patient Care*** | |

No data exists for this section

| | |
|---|---|
| ***Physician Orders*** | |

No data exists for this section

| | |
|---|---|
| ***Progress Notes*** | |

Document Type:                          Inpatient Progress Note
Document Subject:                       Noncardiac chest pain
Service Date/Time:                      6/30/2022 11:05 PDT
Result Status:                          Auth (Verified)
Perform Information:                    Hernandez,Francisco NP (6/30/2022 11:08 PDT)
Sign Information:                        Hernandez,Francisco NP (6/30/2022 11:08 PDT)
Authentication Information:              Hernandez,Francisco NP (6/30/2022 11:08 PDT)

The RN approached me about this patient having complaints of chest pain after he allegedly was found doing some sort of sexual things in his cell.  The patient was upset and started complaining of chest pain.  The patient was evaluated by nursing staff with vital signs were temperature 97.5, pulse of 66, respirations 16, blood pressure 141/83, and 98% room air oxygen saturation. Review of the patient's chart shows the patient has no significant past medical history for hypertension diabetes or cardiovascular disease.  The patient will not have an EKG ordered.  The patient pain is most likely secondary to the patient being upset and wanting some sort of attention.  The patient did have Tylenol ordered for noncardiac chest pain

**Encounter Info:** Patient Name: DEWAYNE THOMPSON,DOB: 10/08/1977,CDCR: T12115,FIN: 89558,Facility: COR,Encounter Type:
Inpatient MH

Electronically Signed on 06/30/2022 11:08 AM PDT
_____
Hernandez, Francisco NP, NP

_____

Legend: c=Corrected, @=Abnormal, C=Critical, L=Low, H=High, f=Result Comment, i=Interp Data, *=Performing Lab

**WARNING:** This report contains confidential, proprietary, and/or legally privileged
information intended for the recipient only.

# Appendix G

## Cell Search Receipt

Precluding Personal Items
Confiscated- breakfast and Lunch,
Legal material, Personal Soap ~~and~~
demonstrating search was retaliatory
and coaxial cable was confiscated, preventing
Plaintiff from watching television

1 Page

# CORCORAN STATE PRISON
# FACILITY ____3A____

## CELL SEARCH/LOCKER SEARCH/PROPERTY REMOVED RECEIPT

In accordance with California Code of Regulations, Title 15, Section 3287 (4), this notice is being issued to you due to a / Inspection / Search having been conducted on your cell/locker.

BUILDING: ___3A03_____ CELL/LOCKER #: ___202_____.

PROPERTY/CONTRABAND listed below was removed on ___8 / 26___ 20 _22___.

1. #3 State RAzors
2. Excess State issued Clothing
3. Cardboard BOXES total #2
4. Coax Cable not in original State torn into two pieces.

5. medical pills in wrapper
6. Cardboard
7. excess State Soap, State toothbrush
8. _____

Reason Removed:

Contraband, excess

Disposition / Comments:

Inmate Name: Thompson

Inmate Signature: _____

Inmate Name: _____

Inmate Signature: _____

Officer: J. Rocha

Officer: A. Lopez

CDC Number: T-12115

Inmate Present: _____

CDC Number: _____

Inmate Present: _____

Date of Inspection/Search: 8/26/22

Date of Inspection/Search: 8/26/22

1.

Appendix J

RVR Possession of (State Disposable non-altered razor) Deadly Weapon by Defendants J. Rocha and A. Lopez out of retaliation for Plaintiff exercising his U.S. 1st and 8th Amendment Constitution.

1 Page

CALIFORNIA DEPARTMENT of
**Corrections and Rehabilitation**

# RULES VIOLATION REPORT

| CDC NUMBER<br>T12115 | INMATE'S NAME<br>THOMPSON,<br>DEWAYNE R. | EPRD<br>05/08/2036 | FACILITY<br>COR-Facility<br>03A | HOUSING LOCATION<br>COR-03A - 03A003 2 -<br>202001L |
|---|---|---|---|---|
| VIOLATION DATE<br>08/26/2022 | VIOLATION TIME<br>08:50:00 | VIOLATION LOCATION<br>COR-Facility 03A - CELL | | WITH STG NEXUS<br>No |

Did the reporting employee ensure the inmate understands (to the best of his/her ability) the consequences of the continued misconduct? N/A

Did the reporting employee take into consideration the severity of the inmate's disability and the need for adaptive support services when determining the method of discipline? N/A

CIRCUMSTANCES OF VIOLATION

On August 26, 2022 at approximately 0850 hours while performing my duties as 3A03 SEC PAT EOP ASU Officer 2, I was conducting a random cell search of Inmate Thompson's cell (CDC# T-12115, 3A03- 202). It should be noted, the cell is solely occupied by Thompson. Thompson was currently placed in Holding Cell #7 in "C-Section" as we were waiting for the Crisis Intervention Team (CIT) to arrive due to him informing Custody Staff he had suicidal ideations. While conducting a systematic search of Thompson's cell, I discovered three (3) State issued razors secreted inside inmate Thompson's legal mail property. The razors were still intact with the plastic handle and not altered. I confiscated the razors and placed them inside my left cargo pant pocket. I continued with the systematic search of the cell with negative results for contraband. At this time, I informed Correctional Lieutenant F. Flores of my findings. I proceeded back to holding cell #7 and informed Thompson of the items I confiscated with a cell search receipt and informed him that he would be receiving a CDCR- 115 Rules Violation Report. I disposed of the items confiscated from the cell search and placed them in the hot trash. This concludes my involvement of this report.

PERNR-125406
BWC-B8A44F2E44E0

| REPORTING EMPLOYEE<br>A. Lopez | TITLE<br>Correctional<br>Officer | ASSIGNMENT | RDO | DATE:<br>08/26/2022 |
|---|---|---|---|---|

| RVR LOG NUMBER: 000000007215889 | VIOLATED RULE NUMBER: 3006(a) |
|---|---|
| SPECIFIC ACT: Possession of a deadly weapon | |

| CLASSIFICATION | |
|---|---|
| LEVEL: Serious | OFFENSE DIVISION: Division A1 |
| REFERRED TO: Hearing Officer | FELONY PROSECUTION LIKELY: Yes |

1.

# Appendix ~~B~~ K

PREA Grievance, Sexual Misconduct
Defendant Rocha J.

Retaliction, Punitive cell search for
Plaintiff exercising 1st and 8th Amendment
right

7 Pages



CALIFORNIA DEPARTMENT *of*
Corrections and Rehabilitation

# OFFICE OF GRIEVANCES DECISION

**Offender Name:** THOMPSON, DEWAYNE RAMON          **Date:** 10/28/2022

**CDC#:** T12115

**Current Location:** COR-Facility 03A          **Current Area/Bed:** 03A003 2 - 242001L

**Log #:** 000000298147

---

**Claim #: 001**

**Received at Institution/Parole Region:**      California State Prison, Corcoran
**Submitted to Facility/Parole District:**      COR-Facility 03A
**Housing Area/Parole Unit:**
**Category:** Offender Activities          **Sub-Category:** Other Activity - NOS

### I. CLAIM

You contended that you are not receiving ten (10) hours of the recreational yard.

### II. RULES AND REFERENCES

#### A. CONTROLLING AUTHORITY

1.) Your CDCR 602 Inmate/Parolee Appeal and attachments
2.) Operational Procedure 220
3.) Strategic Offender Management System, Bed Assignments, External Movement.

#### B. DOCUMENTS CONSIDERED

1.) CDCR 602 Inmate/Parolee Appeal
2.) Inmate Segregation Record (CDC 114-A)

### III. REASONING AND DECISION

Based on the information gathered during this inquiry, it was discovered that you had been offered ten hours per week. After reviewing your Inmate Segregation Records file (CDC 114-A) shows you have been going out to the yard on your assigned days.
Inmates not in quarantine are offered to go to the yard on Monday, Tuesday, and Friday. Inmates currently in quarantine will be offered their yard time on Tuesday, Thursday, and Saturday. If any makeup yard is to be done, it will be conducted on Sunday.

Based on the above information, your appeal is DISAPPROVED at the First Level of Review. If you are dissatisfied with this decision, you may appeal to the Second Level by following the instructions on your appeal form.

### IV. Comments

**Decision: Denied**

After a thorough review of all the documents and evidence presented to the Office of Grievances, it is the order of the Office of Grievances to DENY this claim.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

| Staff Signature | Title | Date/Time |
|---|---|---|
| E. Silva [SIED001] | Reviewing Authority | 10/26/2022 |

## Claim #: 002

**Received at Institution/Parole Region:** California State Prison, Corcoran
**Submitted to Facility/Parole District:** COR-Facility 03A
**Housing Area/Parole Unit:**
**Category:** Offender Resources                    **Sub-Category:** Property

### I. CLAIM

You contended that Officer Rocha confiscated the property during a cell search.

### II. RULES AND REFERENCES

#### A. CONTROLLING AUTHORITY

1.) Your CDCR 602 Inmate/Parolee Appeal and attachments
2.) Operational Procedure 220
3.) Strategic Offender Management System, Bed Assignments, External Movement.

#### B. DOCUMENTS CONSIDERED

1.) CDCR 602 Inmate/Parolee Appeal
2.) Staff Interview
3.) Cell Search Property Receipt

### III. REASONING AND DECISION

Based on the information gathered during this inquiry, it was discovered that Correctional Officer did not take any personal property from your cell. Correctional Officer J. Rocha stated that the only items he took from your cell were Three (3) State Razors, Excess Trash, Card Board, and Coax Cable. Correctional Officer Rocha generated a property receipt for your cell search, which was provided to you.

Based on the above information, your appeal is DISAPPROVED at the First Level of Review. If you are dissatisfied with this decision, you may appeal to the Second Level by following the instructions on your appeal form.

### IV. Comments

**Decision: Denied**

After a thorough review of all the documents and evidence presented to the Office of Grievances, it is the order of the Office of Grievances to DENY this claim.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

| Staff Signature | Title | Date/Time |
|---|---|---|
| E. Silva [SIED001] | Reviewing Authority | 10/27/2022 |

2.

**Claim #: 003**

**Received at Institution/Parole Region:**      California State Prison, Corcoran
**Submitted to Facility/Parole District:**      COR-Facility 03A
**Housing Area/Parole Unit:**
**Category:**   General Employee Performance                    **Sub-Category:**   Other Staff Misconduct – NOS

The California Department of Corrections and Rehabilitation received your grievance on 08/29/2022 which you submitted on 08/26/2022.

Pursuant to the California Code of Regulations, title 15, your claim has been identified as an allegation of staff misconduct, meaning it will be referred outside the grievance and appeal process to an appropriate authority within the Department for the purpose of gathering facts needed to prove or disprove the allegation. A separate response will be provided to you at the conclusion of that process. This decision exhausts all administrative remedies available to you for this claim.

**Decision: Allegation of Staff Misconduct**

---

**Claim #: 004**

**Received at Institution/Parole Region:**      California State Prison, Corcoran
**Submitted to Facility/Parole District:**      COR-Facility 03A
**Housing Area/Parole Unit:**
**Category:**   General Employee Performance                    **Sub-Category:**   Other Staff Misconduct – NOS

The California Department of Corrections and Rehabilitation received your grievance on 08/29/2022 which you submitted on 08/26/2022.

Pursuant to the California Code of Regulations, title 15, your claim has been identified as an allegation of staff misconduct, meaning it will be referred outside the grievance and appeal process to an appropriate authority within the Department for the purpose of gathering facts needed to prove or disprove the allegation. A separate response will be provided to you at the conclusion of that process. This decision exhausts all administrative remedies available to you for this claim.

**Decision: Allegation of Staff Misconduct**

To Appeal Coordinator

STATE OF CALIFORNIA
**GRIEVANCE**
CDCR 602-1 (03/20)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 1 of 2

| STAFF USE ONLY | Grievance #: 298147 | Date Received: |
|---|---|---|
| | Date Due: | |
| | Categories: | |

AUG 29 2022

_This is the process to ask for help with a complaint._

Claimant Name: DeWayne Thompson  CDCR #: T12115  Current Housing/Parole Unit: 3A03-202

Institution/Facility/Parole Region: CSP-Corcoran

In order for the Department to understand your complaint, make sure you have answered the following questions:

- What is the nature of your complaint?
- When and where did the complaint occur?
- Who was involved?
- Which specific people can support your complaint?
- Did you try to informally resolve the complaint?
- What rule or policy are you relying on to make your complaint?
- Are there documents that would be helpful to support your position? List the documents if you do not have them. Please note that documents submitted with this form will not be returned.
- What specific action would resolve your complaint?

PREA ALLEGATIONS and unnecessary Force, and retaliation claims

On August 26, 2022 approximately 8:35AM to 11AM officer J. Rocha and A. Lopez retaliated against me by conducting a punitive cell search due to my filing grievances and threats of lawsuit based on me not getting my exercise for amount of time required (10 hours). Therefore, on day in question after I found out exercise yard list was done for the inmates who would get yard for the day (a Friday, which ment I would not get chance at yard again until monday) I alerted staff I was having chest pains and feeling suicidal. During which I was complaining of not getting exercise yard per week as I should. I am only getting 3.5 hours per week out of 10 hours and some days of not getting yard due to yard being ran one time- monday, wednesday, friday, none never on weekend, despite quarantine yard suppose to be Tuesday, Thursday, saturday for from 9:30Am to 12:30 PM only for the inmates who were signed on list for the number of walk alone cases available. Ensuing, Rocha and Lopez searched my cell vandalizing it by exaggerating safety and security and under pretenses for my claiming to be suicidal. However they let it be known for it being retaliatory for they both taunted me by saying they had to search my cell for me being suicidal and writing grievances and lawsuits for mines and their protection. However, they took personal and state material that had nothing to do with safety and security: i.e., 1.) my breakfast and lunch

**DISTRIBUTION**   Original: Offender's File   Copies: DAI, DAPO, and Offender

4

STATE OF CALIFORNIA
**GRIEVANCE**
CDCR 602-1 (03/20)

Page 2 of 2.

they provided me during cell feeding. 2.) coaxial cable to my TV, preventing me from watching TV shows; and they did not provide me radio, despite me being EOP and it being court order for my cell to have TV or radio, 3.) my personal and state soap, state toothbrush and tooth powder 4.) my civil complaint about my yard deprivation (inter alia) along with case law in support thereof. They wounded up confiscating Pills & C (Tylenol) and razors that Lopez gave me during shower and did not take back as he should've. Lopez wounded up telling me he was writing me up for razors. And he should write me up for Pills to send me to crisis bed, which demonstrates his actions weren't to further safety and security. The personal items Lopez and Rocha confiscated I should've been allowed to send home or donate. They never provided me opportunity as I requested. Ensuing upon hearing my complaint while being evaluated for suicide assessment by psychologist Yang, the sgt arranged for me to get yard. Officer Rocha wounded up escorting me to my cell to get my DME shoes and what not, despite us getting into a confrontation about him escorting me to my cell. In route to he told me he would have to strip search me, which was for no reason but to harass because he was ready to take me to yard beating from holding cage without strip searching me. During strip search at my cell, nevertheless, he wounded up swiping my genitals intentionally while he was grabbing for my boxers. I was handing him through porthole on cellfront door. Then he made me bend over and spread my butt cheeks to conduct cavity inspection. After which I reported PREA allegations to sgt Garcas, Isu and unnecessary force for Rocha squeezing my bicep to provoke me while escorting me to cage exercise yard.

**Reminder:** Please attach all documents in your possession that support your claim(s).
Please note that this form and supporting documents will not be returned to you.

Claimant Signature: _(signature)_                    Date Signed: 8/26/22

DISTRIBUTION    **Original:** Offender's File    **Copies:** DAI, DAPO, and Offender

5.

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION
**GRIEVANCE**
CDCR 602-1 (03/20)                                                                               Page 1 of 2

| **STAFF USE ONLY** | Grievance #: _298/47_ | Date Received: |
|---|---|---|
| | Date Due: | |
| | Categories: | |

*This is the process to ask for help with a complaint.*

Claimant Name: _Dewayne Thompson_ ___ CDCR #: _T12115_ ___ Current Housing/Parole Unit: _3A03 202_

Institution/Facility/Parole Region: _CSP Corcoran_

In order for the Department to understand your complaint, make sure you have answered the following questions:

- *What is the nature of your complaint?*
- *When and where did the complaint occur?*    PREA and Unnecessary Force
- *Who was involve '?*                          Allegations
- *Which specific people can support your complaint?*
- *Did you try to informally resolve the complaint?*
- *What rule or policy are you relying on to make your complaint?*
- *Are there documents that would be helpful to support your position? List the documents if you do not have them. Please note that documents submitted with this form will not be returned.*
- *What specific action would resolve your complaint?*

On August 26, 2022, approximately 8:35 Am to 11Am officers J. Rocha and A. Lopez, 3A03, EOP HUB1 Ad-Seg retaliated against me by exaggerating safety and security to conduct a punitive cell search for my grieving about Yard deprivation. Hence, officers took adverse action against me after I informed them of me filing grievance and lawsuit about them for Yard deprivation in the midst of being treated for chest pains then evaluated for suicidal ideations for being denied exercise yard due to being precluded for not being one of the first 20 inmates the capacity for walk alone yard, to sign up. Yard is only run monday, wed, and friday, one time from 9:30 Am to 12:30 Am No make up. Therefore, it being a friday and me getting no yard, which mant I would be confined to my cell until monday, I began thinking of self harm. And I began having a panic attack that was giving me chest pains. Therefore, while I was being treated by medical I was venting and apprising officials of filing civil action and grievances about frequent exercise yard deprivation. In response while I was in holding cage awaiting to be evaluated for suicidal ideations, officer Lopez and J. Rocha apprised me of searching my cell and writing me up for razors Lopez gave gave during showers. Upon taking inventory of items in my cell that Lopez and Rocha vandalized, I noticed he threw my breakfast and lunch they provided me in cell feeding that I had yet ate 2.) Legal

DISTRIBUTION    Original: Offender's File    Copies: DAI, DAPO, and Offender

6.

STATE OF CALIFORNIA
**GRIEVANCE**
CDCR 602-1 (03/20)

*To Appeal Coordinator*

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 2 of 2

cases and civil complaint I was working on to file in U.S. Eastern District Court regarding yard deprivation (among other things), that they failed to report on cell search receipt. 3.) Coaxial cable to my TV, Preventing me from watching TV, 4.) Personal and state soap and 4.) razors that Lopez gave me but took and wrote me up for contraband. Cell search was for no other reason but punitive measures and not further correctional goal. Moreso Upon Sgt hearing my complaint, he arranged for me to access the walk alone yard Rocha wounded up strip searching me in my cell, in the midst of which of him grabbing my boxers, he Flabbed my genitals through food Port. Then he degraded me under Pretenses of safety and security by making me spread my butt cheeks as he did a visual cavity search in an offensive manner. Then while escorting me to yard he use unnecessary force by squeezing my bicept to get a hostile respond from me, as I was tormenting him about cavity search that touched home to Lopez and Rocha. I reported this PREA and staff misconduct for use of unnecessary force to ISU Sergeant Barros at about 1PM on August 26, 2022. By way officer Rocha and Lopez let me know they searched my cell for complaining of yard and claiming to be suicidal. And my breakfas and lunch was the only food I had in cell, leaving me hungry until dinner. And I was never Provided radio since I could not watch my TV due to officers taking my Coaxial cable. Moreso, Lopez stated that he should write me up for having Pills in my cell to get me admitted to crisis bed. CPills were Tylenol

**Reminder:** Please attach all documents in your possession that support your claim(s).
Please note that this form and supporting documents will not be returned to you.

Claimant Signature: _____   Date Signed: 8/26/22

DISTRIBUTION   Original: Offender's File   Copies: DAI, DAPO, and Offender

7.

Appendix L

Grievance Punitive cell Search
On September 2, 2022 by unknown
officer, inferring Rocha who had
Radio Confiscated from Plaintiff's
Cell where state razor was Planted

3 Pages



**CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation**

# OFFICE OF GRIEVANCES DECISION

**Offender Name:** THOMPSON, DEWAYNE RAMON      **Date:** 11/05/2022

**CDC#:** T12115

**Current Location:** COR-Facility 03A      **Current Area/Bed:** 03A003 2 - 242001L

**Log #:** 000000301597

## Claim #: 001

**Received at Institution/Parole Region:**    California State Prison, Corcoran

**Submitted to Facility/Parole District:**    COR-Facility 03A

**Housing Area/Parole Unit:**

**Category:** General Employee Performance      **Sub-Category:** Other Staff Misconduct - NOS

The California Department of Corrections and Rehabilitation received your grievance on 09/06/2022 which you submitted on 09/02/2022.

Pursuant to the California Code of Regulations, title 15, your claim has been identified as an allegation of staff misconduct, meaning it will be referred outside the grievance and appeal process to an appropriate authority within the Department for the purpose of gathering facts needed to prove or disprove the allegation. A separate response will be provided to you at the conclusion of that process. This decision exhausts all administrative remedies available to you for this claim.

**Decision: Allegation of Staff Misconduct**

## Claim #: 002

**Received at Institution/Parole Region:**    California State Prison, Corcoran

**Submitted to Facility/Parole District:**    COR-Facility 03A

**Housing Area/Parole Unit:**

**Category:** Offender Services      **Sub-Category:** Other Services – NOS

### I. CLAIM

You contended that you had yet to receive title 15 regulations and operation Manual in AD-SEG.

### II. RULES AND REFERENCES

     **A. CONTROLLING AUTHORITY**

     1.) Your CDCR 602 Inmate/Parolee Appeal and attachments

     **B. DOCUMENTS CONSIDERED**

     1.) CDCR 602 Inmate/Parolee Appeal

### III. REASONING AND DECISION

This grievance has been Approved.The appeal is granted; upon your request, the building staff will provide you with the Title 15 regulations and Operation Manual.

## IV. REMEDY

A Title 15 Regulations and Operation Manual will be issued to you, upon your request to building staff.

## V. Comments

n/a

### Decision: Granted

After a thorough review of all the documents and evidence presented to the Office of Grievances, it is the order of the Office of Grievances to GRANT this claim.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

If more than 30 calendar days have passed since this decision was sent to you and the remedy, if any, has not yet been implemented, you may file a CDCR Form 602-3, Request to Implement Administrative Remedy. You must wait until after 30 calendar days have passed to submit this request.

| Staff Signature | Title | Date/Time |
|---|---|---|
| B. McKinney [MCBA001] | Reviewing Authority | 11/04/2022 |

## Claim #: 003

**Received at Institution/Parole Region:**  California State Prison, Corcoran
**Submitted to Facility/Parole District:**   COR-Facility 03A
**Housing Area/Parole Unit:**
**Category:**  Offender Resources          **Sub-Category:**  Law Library

### I. CLAIM

You inmate Thompson content you do not have physical access to the law library.

### II. RULES AND REFERENCES

#### A. CONTROLLING AUTHORITY

California Code of Regulation (CCR), Title 15, section 3123 (Access to Law Libraries)
California Code of Regulation (CCR), Title 15, section 3122 (Inmate Law Library)

#### B. DOCUMENTS CONSIDERED

Inmate Grievance Log# 301597
Staff interview.

### III. REASONING AND DECISION

An inquiry into you grievance has been conducted.
Based on the information gathered, it was determined you have been getting access to the Law Library. Signs up occur in the building with the 3A03 Legal Officer. Housing Unit 3A03 has physical law library which you can to and/or have been getting access to.
Therefore based on the aforementioned you grievance is Denied.

### IV. Comments

**Decision: Denied**

After a thorough review of all the documents and evidence presented to the Office of Grievances, it is the order of the Office of Grievances to DENY this claim.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

| Staff Signature | Title | Date/Time |
|---|---|---|
| E. Silva [SIED001] | Reviewing Authority | 11/02/2022 |

STATE OF CALIFORNIA    DEPARTMENT OF CORRECTIONS AND REHABILITATION
**GRIEVANCE**
CDCR 602-1 (03/20)                                                                                      Page 1 of 2

| **STAFF USE ONLY** | Grievance #: 301597 | Date Received: |
|   | Date Due: | SEP ~ 6 2022 |
|   | Categories: | |

*This is the process to ask for help with a complaint.*

Claimant Name: Thompson Dewayne  CDCR #: T12115  Current Housing/Parole Unit: 3A03-202

Institution/Facility/Parole Region: CSP-Corcoran

In order for the Department to understand your complaint, make sure you have answered the following questions:

- What is the nature of your complaint?
- When and where did the complaint occur?
- Who was involved?
- Which specific people can support your complaint?
- Did you try to informally resolve the complaint?
- What rule or policy are you relying on to make your complaint?
- Are there documents that would be helpful to support your position? List the documents if you do not have them. Please note that documents submitted with this form will not be returned.
- What specific action would resolve your complaint?

Staff Misconduct
Planting Weapon

On September 2, 2022, officer Rocha I assume entered my cell and for I seen the radio in his hand that he had confiscated was confiscated from my an unknown officer entered my cell between 9AM and 12:30PM and planted a razor on me. I believe the officer is J. Rocha, who I saw with radio confiscated from my cell. And who just charged me with deadly weapon for confiscating state unmodified razor from my cell. No officer has confessed to searching my cell or have left me with cell receipt for confiscating radio from my cell. Video footage between 6AM and 12:30PM will shows the officer who entered my cell and planted razor on me. I turned razor over to sergeant Garcia 3rd watch, 3A03 at about 5:30PM on September 2, 2022. officers responsible are either A. Lopez, J. Rocha x Xiong. I brought this to sgt olivias attention who just brushed it off about cell search receipt and officer accountable for entering my cell. The conscious of guilt comes from officers failing to confess. I asked every officer, including Rocha and Lopez on camera about 1:09PM to 1:40PM did they enter my cell and they denied it.

DISTRIBUTION    Original: Offender's File    Copies: DAI, DAPO, and Offender

STATE OF CALIFORNIA
**GRIEVANCE**
CDCR 602-1 (03/20)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

SEP - 6 2022    Page 1 of 2

| STAFF USE ONLY | Grievance #: 301597 | Date Received: |
| | Date Due: | |
| | Categories: | |

_This is the process to ask for help with a complaint._

Claimant Name: DeWayne Thompson   CDCR #: T12115   Current Housing/Parole Unit: 2 A03-202

Institution/Facility/Parole Region:

**In order for the Department to understand your complaint, make sure you have answered the following questions:**

- What is the nature of your complaint?
- When and where did the complaint occur?
- Who was involved?
- Which specific people can support your complaint?
- Did you try to informally resolve the complaint?
- What rule or policy are you relying on to make your complaint?
- Are there documents that would be helpful to support your position? List the documents if you do not have them. Please note that documents submitted with this form will not be returned.
- What specific action would resolve your complaint?

Staff misconduct, harassmen via Punitive cell Search Deprivation of Regulations and Discrimination

Claim 1

On September 2, 2022, between 9 Am to 12:30Am, Officer Rocha searched my cell again to harass and took my radio without leaving me a receipt. I observed radio in Rocha's hand. And I asked him and told Sergeant Olivas about the matter around 1:20 PM at sgt's office. He told me he would provide me with receipt. But he never did. Supervisors are allowing inferior officers to do what they desire with no repercussions.

Claim 2

I've never been provided with rules for Ad-Seg asides a Title 15 and operection Manual on Kiosk. The operation procedures that apprises me that I'm unabled to store State razors in my cell was never provided to me. Its held hostage in Sergeants office. How am I to know rules if they are witheld, despite me requesting for them from Law Library via Paging System foc I have no Physical access to Law Library. And librarian didn't respond. Now I've been charged with having a razor as a weapon foc it being in my cell in Ad-Seg. But I didn't know that I could not have.

DISTRIBUTION    Original: Offender's File    Copies: DAI, DAPO, and Offender

2.

*To Appeals coordinater*

Claim 3

officers are discriminating against Blacks A 3A02 me for being Black. Rocha and Lopez are only searching Black inmates cells and writing them up for Contraband. But on September 2, 2022 around 9AM Lopez saw an Hispanic knockout his cell front window and did nothing. Lt Flores saw the broken window and did nothing. All of second and 3rd watch saw the broken window to the hispanic cell and just laughed. But they Rocha and Lopez wrote me up for having state razors in my cell unmodified that I thought was lawful. Rocha and Lopez wrote me up but did not write up hispanics or search his cell. Hispanics admitted on camera of breaking glass to Lt Flores 3A03 on September 2, 2022 at about 12:30PM to 1PM on camera and Flores did nothing. But he approved lock up order for me and refused to enforce Rocha to provide me with cell search receipt. claim 1, herein.

**Reminder:** Please attach all documents in your possession that support your claim(s).

Please note that this form and supporting documents will not be returned to you.

**Claimant Signature:** _____

**Date Signed:** 9/2/22

3.

# Appendix M

## Discrimination by officers Lopez and Rocha

### 2 Pages

Final Appeal Content

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

**GRIEVANCE**
CDCR 602-1 (03/20)

Page 1 of 2

| STAFF USE ONLY | Grievance #: 303058 | Date Received: |
|---|---|---|
| | Date Due: | |
| | Categories: | |

_This is the process to ask for help with a complaint._

Claimant Name: Dewcyne Thompson  CDCR #: P 1211S  Current Housing/Parole Unit: 3A03-202

Institution/Facility/Parole Region: CSP-Corcoran

In order for the Department to understand your complaint, make sure you have answered the following questions:

- What is the nature of your complaint?
- When and where did the complaint occur?
- Who was involved?
- Which specific people can support your complaint?
- Did you try to informally resolve the complaint?
- What rule or policy are you relying on to make your complaint?
- Are there documents that would be helpful to support your position? List the documents if you do not have them. Please note that documents submitted with this form will not be returned.
- What specific action would resolve your complaint?

In 3A03 Eopl Hub officers are showing preferential treatment to (their believed informals) Flores and Dominquez (3A03-202) who they know foremost A.Lopez and J.Rocha among officers of Hispanic inmates Flores and Dominquez in cell 202 having a manufactured knife and/or state razors, which Dominquez obtain during shower time in their cell I've let officers Rocha and Lopez know of inmate having dangerous contraband since they search Blacks cell and write them up for contraband as they've done to me. well as officer known by the inmates making suggestions by banging on their door with medal object and it apparently sounding like medal to medal. And banging on their cell front window with medal object, which caused cell front window to shatter; on September 2, 2022 around 9Am to 12Pm officers A.Lopez and J.Rocha witnessed and saw shattered window and did nothing but laugh[see body camera and A-Section 3A03 Camera No disciplinary actions were initiated Lt Flores also saw shattered cell front window about 1Pm and did nothing, despite Flores admitting to breaking glass on Lt Flores bodycamera. Then on September 11, 2022 around 8:30Pm to 8:50Pm officer Garcia, 3rd watch upper A-Section witnessed cell 202 banging on his cell window and door with apparent medal dangerous contraband, which could be

DISTRIBUTION    Original: Offender's File.    Copies: DAI, DAPO, and Offender.

STATE OF CALIFORNIA
**GRIEVANCE**
CDCR 602-1 (03/20)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 2 of 2

heard on body camera and took no disciplinary action towards them. officials are showing Hispanic inmates preferential treatment in a discriminative manner. And they need to shake down their cell as they did mine in alleged cellsearch, which are being conducted on Blacks cells by officials Lopez and Rocha. foremost among the majority of Hispanic officers in 3A03 2nd and 3rd watch.

Moreso, Flores and Dominguez are known drug users. they buy other inmates narcotics - Suboxten etc. Officials pass alot for these inmates without checking material they're passing. which could be drugs or deadly contraband.

**Reminder:** Please attach all documents in your possession that support your claim(s).

Please note that this form and supporting documents will not be returned to you.

Claimant Signature: _____

Date Signed: 9/21/22

Appendix N

Deliberate Indifference ~~by Sgt. Garcia~~
Arising from Delendant's Addison's falsified RVR
of Plaintiff IEXing her that identified him as sex offender

2 Pages

To Appeal Coordinator

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION
**GRIEVANCE**
CDCR 602-1 (03/20)                                                                                              Page 1 of 2

| **STAFF USE ONLY** | Grievance #: 308 407 | Date Received: SEP 23 2022 |
|---|---|---|
| | Date Due: | |
| | Categories: | |

*This is the process to ask for help with a complaint*

Claimant Name: Dewayne Thompson    CDCR #: T12115    Current Housing/Parole Unit: 3A03-202

Institution/Facility/Parole Region: CSP-Corcoran

In order for the Department to understand your complaint, make sure you have answered the following questions:

- What is the nature of your complaint?
- When and where did the complaint occur?
- Who was involved?
- Which specific people can support your complaint?
- Did you try to informally resolve the complaint?
- What rule or policy are you relying on to make your complaint?
- Are there documents that would be helpful to support your position? List the documents if you do not have them. Please note that documents submitted with this form will not be returned.
- What specific action would resolve your complaint?

On September 21, 2022, at approximately 5:45pm-6pm I informed Sgt Garcia, among several officers 3rd watch in 3A03, EOP/Hub of inmates Dominguez and Florez, who are my neighbors in cell 3A03 201 having a manufactured knife and state issued razors that Dominguez acquire during showers in their cell. I let them, Sgt. Garcia, know I know they have a knife because I hear them manufacture it by sharpening it and I can hear them shaving with state razor, as they bang their sink to remove hair from blade. Moreso, I let Sgt Garcia and several officer including Rocha know of my allegations and of Rocha, Lopez, among several officers to passing for these inmates known contraband and prescribed Sabaxton medication and other narcotics. Sgt. Garcia, disregarded my allegations Rather than taking precautionary measures to assure inmates did not have contraband through a cursory cell search as officials Rocha and Lopez does Blacks cells. Dominguez and Florez informed me when I returned back to my cell that Sgt Garcia and Rocha, among several officers who they brag work for them, informed them that I was snitching on them. At the same time I heard them sharpening their knife and saying they gone get me during showers for being a snitch and sex offender. On September 22, 2022 approximately 12:56pm

DISTRIBUTION    **Original:** Offender's File    **Copies:** DAI, DAPO, and Offender                    1.

STATE OF CALIFORNIA
**GRIEVANCE**
CDCR 602-1 (03/20)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 2 of 2

to 1:30PM) Sgt. Garcia derilict demonstrates his incompetence to Prese-
rve safety and security, well as Rocha, who feels a need to
Protect safety and security when discriminating against African Amer-
icans to conduct Punitive cell searches to be vindictive, when he
among the several Predominant Hispanic officers in 3A03, know that
the real threat are the Hispanics who have genuine weapons (deadly)
in their cells in Ad-seg well as Prescribed narcotics and unauthorized
Prescribed narcotics, illegal drugs and Pruno (cells 3A03 201 and 224.
are known Hispanic cells with deadly weapons and unauthorized
Prescribed drugs etc.).

**Reminder:** Please attach all documents in your possession that support your claim(s).

Please note that this form and supporting documents will not be returned to you.

Claimant Signature: _____    Date Signed: 6/22/22

DISTRIBUTION    Original: Offender's File    Copies: DAI, DAPO, and Offender

2.

Appendix D P

Grievance for Lopez misconduct in Disciplinary
Hearing, depriving Plaintiff of Liberty Interest
Due Process.

2 Pages



CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

# CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT

**Offender Name:** THOMPSON, DEWAYNE R.          **CDC#:** T12115

**Date:** 08/08/2022

**Current Location:** COR-Facility 03A          **Current Area/Bed:** 03A003 1141001L

**From:** Office of Grievances at California State Prison, Corcoran

**Re:** Log # 000000289813

The California Department of Corrections and Rehabilitation Office of Grievances at California State Prison, Corcoran received your grievance on 08/08/2022. Your grievance has been assigned for review and response.

Pursuant to California Code of Regulations, title 15, the Office of Grievances will complete its review no later than 10/08/2022.

Please be informed that the Office of Grievances will not respond to any inquiries about the status of a grievance prior to the date shown above.

CDCR SOMS OGTT300
CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT



CALIFORNIA DEPARTMENT *of*
**Corrections and Rehabilitation**

# OFFICE OF GRIEVANCES DECISION

**Offender Name:** THOMPSON, DEWAYNE RAMON

**CDC#:** T12115

**Current Location:** COR-Central Service

**Date:** 08/18/2022    3703·2022

**Current Area/Bed:** S INFC1-011001L

**Log #:** 000000289813

---

**Claim #: 001**

**Received at Institution/Parole Region:** California State Prison, Corcoran

**Submitted to Facility/Parole District:** COR-Facility 03A

**Housing Area/Parole Unit:**

**Category:** General Employee Performance          **Sub-Category:** Other Staff Misconduct - NOS

The California Department of Corrections and Rehabilitation received your grievance on 08/08/2022 which you submitted on 08/05/2022.

Pursuant to the California Code of Regulations, title 15, your claim has been identified as an allegation of staff misconduct, meaning it will be referred outside the grievance and appeal process to an appropriate authority within the Department for the purpose of gathering facts needed to prove or disprove the allegation. A separate response will be provided to you at the conclusion of that process. This decision exhausts all administrative remedies available to you for this claim.

**Decision: Allegation of Staff Misconduct**

---

1.

STATE OF CALIFORNIA
**GRIEVANCE**
CDCR 602-1 (03/20)

*To Appeal*
*Coordinator*

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 1 of 2

| **STAFF USE ONLY** | Grievance #: 289813 | Date Received: |
| | Date Due: | |
| | Categories: | |

*This is the process to ask for help with a complaint.*

Claimant Name: Dewayne Thompson    CDCR #: F 1213    Current Housing/Parole Unit: 3A03-141

Institution/Facility/Parole Region: CSP-COR

In order for the Department to understand your complaint, make sure you have answered the following questions:

- What is the nature of your complaint?    *Staff Misconduct*
- When and where did the complaint occur?
- Who was involved?
- Which specific people can support your complaint?
- Did you try to informally resolve the complaint?
- What rule or policy are you relying on to make your complaint?
- Are there documents that would be helpful to support your position? List the documents if you do not have them. Please note that documents submitted with this form will not be returned.
- What specific action would resolve your complaint?

On August 5, 2022, I have officer, Lopez, 3A03, 2nd watch telling an overt lie on camera, well as Investigative Employee Bercias. On day in question I appeared for my RVR. I never had any acknowledgment that Lopez was my staff assistant until hearing commence because before then he lied to me that he was not (see video footage on 8/5/2022) at about 10 AM) but during hearing him and Bercias swore that I met him and Lopez helped me prepare for my hearing. When Lopez did not official misconduct violates title 15 § 3391(a) Lopez deception to she deprived me of official ethical conduct that I am entitled to and his overt lie needs to be addressed. (See video footage 8/5/22 (10 AM to 10:30 AM, 11:40 AM to 12:30 AM).

DISTRIBUTION: —— **Original:** Offender's File    **Copies:** DAI, DAPO, and Offender    2.

STATE OF CALIFORNIA

**GRIEVANCE**

CDCR 602-1 (03/20)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 2 of 2

Unlawfully and was placed in the Appellant window a day prior

**Reminder:** Please attach all documents in your possession that support your claim(s).

Please note that this form and supporting documents will not be returned to you.

Claimant Signature: _____    Date Signed: 8/15/22

DISTRIBUTION    Original: Offender's File    Copies: DAI, DAPO, and Offender

2.

Appendix Q

Grievance: RVR Rehearing Granted for Defendant
Lopez Misconduct in Disciplinary hearing

4 Pages



CALIFORNIA DEPARTMENT of
**Corrections and Rehabilitation**

# CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT

**Offender Name:** THOMPSON, DEWAYNE R.          **CDC#:** T12115

**Date:** 08/08/2022

**Current Location:** COR-Facility 03A          **Current Area/Bed:** 03A003 1141001L

**From:** Office of Grievances at California State Prison, Corcoran

**Re:** Log # 000000290013

The California Department of Corrections and Rehabilitation Office of Grievances at California State Prison, Corcoran received your grievance on 08/08/2022. Your grievance has been assigned for review and response.

Pursuant to California Code of Regulations, title 15, the Office of Grievances will complete its review no later than 10/08/2022.

Please be informed that the Office of Grievances will not respond to any inquiries about the status of a grievance prior to the date shown above.

CDCR SOMS OGTT300
CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT

CALIFORNIA DEPARTMENT *of*
**Corrections and Rehabilitation**

# OFFICE OF GRIEVANCES DECISION

**Offender Name:** THOMPSON, DEWAYNE RAMON
**CDC#:** T12115

**Date:** 09/15/2022

**Current Location:** COR-Facility 03A

**Current Area/Bed:** 03A003 2 - 202001L

**Log #:** 000000290013

**Claim #: 001**
**Received at Institution/Parole Region:**    California State Prison, Corcoran
**Submitted to Facility/Parole District:**    COR-Facility 03A
**Housing Area/Parole Unit:**
**Category:**    Offender Discipline                    **Sub-Category:**    Serious Rules Violation Report

### I. CLAIM

Claimant is contesting Rules Violation Report (RVR) Log# 7199427- Indecent Exposure without Prior Convictions for PC 314. Claimant alleges their due process was violated, claimant alleges they never met with their Staff Assistant (SA) 24hrs prior to hearing and alleges they were denied a witness.

### II. RULES AND REFERENCES

#### A. CONTROLLING AUTHORITY

- Title 15

#### B. DOCUMENTS CONSIDERED

-Inmate Grievance.
-The aforementioned controlling authority.
- RVR dated 6/30/2022

### III. REASONING AND DECISION

During the Grievance fact gathering process, it was discovered all requested witnesses were interviewed and documented within the hearing process. However, it was also discovered Correctional Officer A. Lopez was assigned as Claimant's SA and met with claimant before hearing but did not meet 24 hours prior to hearing. The aforementioned is a RVR due process violation and was forwarded to the appropriate Administrator for further action.

### IV. REMEDY

On September 13, 2022, CDO J. Bugarin ordered Re-issue, Re-heard of Rules Violation Report (RVR) Log# 7199427- Indecent Exposure without Prior Convictions for PC 314, based on Due process violation as Staff Assistant did not meet with inmate 24 hours prior to hearing.

### V. Comments

**Decision: Granted**

After a thorough review of all the documents and evidence presented to the Office of Grievances, it is the order of the Office of Grievances to GRANT this

claim.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

If more than 30 calendar days have passed since this decision was sent to you and the remedy, if any, has not yet been implemented, you may file a CDCR Form 602-3, Request to Implement Administrative Remedy. You must wait until after 30 calendar days have passed to submit this request.

| Staff Signature | Title | Date/Time |
|---|---|---|
| T. Campbell [CATA003] | Reviewing Authority | 09/14/2022 |

2.

STATE OF CALIFORNIA                                      DEPARTMENT OF CORRECTIONS AND REHABILITATION
**GRIEVANCE**
CDCR 602-1 (03/20)                                                              Page 1 of 2

| STAFF USE ONLY | Grievance #: 2a 0013 | Date Received: |
| | Date Due: | |
| | Categories: | |

*This is the process to ask for help with a complaint.*

Claimant Name: Dewayne Thompson  CDCR #: T 12115  Current Housing/Parole Unit: 3A03-141

Institution/Facility/Parole Region: CSP Cor

In order for the Department to understand your complaint, make sure you have answered the following questions:

- What is the nature of your complaint?
- When and where did the complaint occur?
- Who was involved?
- Which specific people can support your complaint?
- Did you try to informally resolve the complaint?
- What rule or policy are you relying on to make your complaint?
- Are there documents that would be helpful to support your position? List the documents if you do not have them. Please note that documents submitted with this form will not be returned.
- What specific action would resolve your complaint?

Disciplinary Hearing
(Log no. 000000007199127)

On August 5, 2022, at approximately 11:30 AM to 12:30 PM I app-
eared for my RVR (log no 07199127) arbitrarily conducted by Lieut-
enant D.B. Hernandez for indecent exposure. I was denied a fair
hearing and due process for 1) I never met with my staff assis-
tant 24 hours to hearing. I did not discover officer Lopez, 2nd
watch 3A03 was my staff assistant until hearing commence before
then he denied being my staff assistant (see video footage at
approximately 10am on 8/5/22) I brought this to isto attention but he
only ignored matter 2) My key witness Al-Fisco 2nd watch CNA
at Ahu was callously denied who witnessed event and would
have attested I was not masterbating or exposing myself upon
Addison arriving at my cell as she alleges in supplemental reports and
had answers to question at hearing 3) I was denied video footage
that would have contradicted reporting employee's allegations of me
exposing myself to her too video footage would show that the CNA
Al-Fisco who was assigned to sit infront of my cell front for LO 1 in
crisis bed was present upon Addison looking into my cell with direct
view and she would have attested that I was not exposing myself
and that I had paper and o placed covering my window (see
RVR supplement). Hence, placard was on appellant cell front window

DISTRIBUTION    **Original:** Offender's File    **Copies:** DAI, DAPO, and Offender          3.

STATE OF CALIFORNIA
**GRIEVANCE**
CDCR 602-1 (03/20)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 2 of 2

unlawfully but he condoned for Privacy and courtesy for Public while he worked out and bird bathed in cell. 4.) I was denied an impartial hearing officer who was not accepting the exculpatory evidence in RVR supplement. Such as ᵃ) Addison alleging to have direct view into my cell that I had no window cover or Placard uP. see RVR supplement Q&A no.1 by Addison. But in her RVR she states she looked over my Placard and window cover and observed me on exposing myself. ᵇ) She answered Question at hearing that she did not recall if I covered myself. But in her RVR she alleges I never covered myself. ᶜ) She alleges that I exposed myself upon her arriving at my cell front with a direct view. But in RVR she stated She observed me exposing myself after peering over Placard and window cover. Reporting employee Addison made many contradicting statements to her RVR that hearing officer did not document. And he resorted to correct her by utilizing her RVR of what she intended to say. I adamantly Proclaim that I didn't commit rule violation. And I insist RVR by Addison is out of retaliation for me writing Addison up for invasion of Privacy and misconduct that occured a day prior, on June 29, 2022. 5.) The hearing officer was not letting me speak by not being receptive to my accounts of events as he went in with a bias attitude and incentive to find me guilty. Therefore, I demand reissue and rehearing. So to call my witness CNA Alapisco to attest I was not exposing myself to Addison upon her arriving at my cell front as she alleges.

**Reminder:** Please attach all documents in your possession that support your claim(s).

Please note that this form and supporting documents will not be returned to you.

**Claimant Signature:** _____   **Date Signed:** 8/5/22

DISTRIBUTION   Original: Offender's File   Copies: DAI, DAPO, and Offender

4.

# EXHIBIT COVER PAGE

S

EXHIBIT

Isaiah Springs Declaration

Description of this Exhibit:

Number of pages to this Exhibit: _1_ pages.

JURISDICTION: (Check only one)

☐ Municipal Court

☐ Superior Court

☐ Appleliate Court

☐ State Supreme Court

☑ United States District Court

☐ State Circuit Court

☐ United States Supreme Court

☐ Grand Jury

CALIFORNIA DEPARTMENT *of*
**Corrections and Rehabilitation**

# OFFICE OF APPEALS DECISION

| | |
|---|---|
| **Offender Name:** THOMPSON, DEWAYNE RAMON | **Date:** 01/31/2023 |
| **CDC#:** T12115 | |
| **Current Location:** SAC-Facility B | **Current Area/Bed:** B 005 1 - 016001L |

**Log #:** 000000325609

---

**Claim #   001**

**Received at Institution/Parole Region:**   California State Prison, Corcoran
**Submitted to Facility/Parole District:**   COR-Facility 03A
**Housing Area/Parole Unit:**
**Grievance Claim Category:** Offender Services        **Grievance Claim Sub-Category:**   Allegation against Inmate/Parolee
**Appeal Claim Category:** Offender Services        **Appeal Claim Sub-Category:**   Other Services - NOS

## I. ISSUE ON APPEAL

You contend that your submitted grievance was incorrectly redirected by departmental staff.

## II. RULES AND REFERENCES

### A. CONTROLLING AUTHORITY

Title 15, sections 3001, 3481(a) and 3483(g)(4)(G)

### B. DOCUMENTS CONSIDERED

Form 602-1 Log #325609 and attachments; Form 602-2 Log #325609 and attachments

## III. REASONING AND DECISION

Departmental regulations require that the Grievance Coordinator shall ensure that claims meeting certain criteria are redirected to the appropriate authority. In the noted claim, appellant submitted a claim against the actions of another inmate. In accordance with Title 15, section 3483(g)(4)(G), an allegation against an inmate or parolee shall be redirected to a staff member designated by the Hiring Authority for a response. In that the grievance was properly redirected to provide appellant a response, the claim is denied.

## IV. REMEDY

Your claim has been denied. Therefore, there is no applicable remedy.

**Decision: Denied**

After a thorough review of all documents and evidence available at the time of this written decision, it is the order of the Office of Appeals that this claim is denied. This decision exhausts the administrative remedies available to the claimant within CDCR.

| Staff Signature | Title | Date/Time |
|---|---|---|
| C. Rojas [ROCY016] | Reviewing Authority | 01/30/2023 |

1.

| | OGT Log No: _325609_ Date Received: _____ |
|---|---|
| **STAFF USE ONLY** | Decision Due Date: _____ |
| | Categories: _____ |

Claimant Name: _Thompson Dewayne_                      CDCR #: _T12115_

Institution/Parole Region: _CSP-Corcoran_      Current Housing/Parole Unit: _3A03-242_

**STAFF USE ONLY**

_Use this form to file a complaint with the Department._

**In order for the Department to understand your complaint, please answer all of the following questions:**

- _What is the nature of your complaint?_          Hazardous living Conditions. Deliberate
- _When and where did the complaint occur?_      Indifferences
- _Who was involved?_
- _Which specific people can support your complaint?_
- _Did you try to informally resolve the complaint?_
- _What rule or policy are you relying on to make your complaint?_
- _What specific action would resolve your complaint?_

_NOTE: Attach documents that help support your complaint (identify the documents if you do not have them)._

On November, 3, 2022, approximately ~~6PM~~ 5:20-5:30PM 3A03. 3rd watch offic-
icials ~~Bruno~~ M.Bueno, _____. _____. Placeced the shower cleaner
Alberto cardero, cell 249, in shower to clean it: however, he began flooding the
tier with urine that began to run-off in my cell as he tormented me, calling
me sex offender. Officials are aware of cardero hazardous conduct subjecting
me to hazardous living conditions. And their Continuing to allow cardero cell 249
expose me to hazardous living conditions will amount to deliberate indifference. I've
brought this to Sgt Garcia's attention. well as aforementioned officials. through
M.Bueno and Patrick

3

STATE OF CALIFORNIA
GRIEVANCE
CDCR 602-1 (Rev. 01/22)

Case 1:22-cv-01545-JLT-HBK   Document 15   Filed 10/03/23   Page 88 of 92

CONTINUATION PAGE

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 2 of 2

Claimant Signature: _____

Date Signed: 11/3/22

STATE OF CALIFORNIA
**APPEAL OF GRIEVANCE**
CDCR 602-2 (Rev. 01/22)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 1 of 2

| STAFF USE ONLY | OGT Log No: 000000325609 | Date Received: |
|---|---|---|
| | Decision Due Date: | |
| | Categories: | |

| Claimant Name: | THOMPSON, DEWAYNE RAMON | CDCR #: | T12115 |
|---|---|---|---|

Institution/Parole Region: CSP-Corcoran    Current Housing/Parole Unit: 3A03-242

OOA Review
Imminent Risk: Y N
OOG Notification: Y N
Initials: ____ Date: ____

**STAFF USE ONLY**

OOA RECEIVED
DEC 0 6 2022

_Use this form to appeal a decision or a remedy by the Office of Grievances._

Do not include new complaints on this form, they must first be filed with the Office of Grievances on a Form 602-1.

OGT Log No: 000000325609        Claim No: 1

Explain the reason for your appeal. Be as specific as you can.

_I am dissatisfied with the response I was given because_ Inmate out to harm me for Yellow Placard identifying me as sex offender and official informing inmate Population of me being a Snitch.

> This form shall be submitted by mail to:
> Office of Appeals
> Department of Corrections and Rehabilitation
> P.O. Box 942883
> Sacramento, CA 95811

**IMPORTANT:**
The Office of Appeals will consider all of the supporting documentation you previously submitted to the
Office of Grievances when reviewing your appeal, but will <u>not</u> consider any new documentation.
Therefore, it is recommended you not attach any documentation to this form.
**Furthermore, any documentation you attach to this form will not be returned to you.**

Claimant Signature: _____        Date Signed: 11/28/22

_ADA Accessible_

2.

## Declaration of Isaiah Springs

I, Isiah Springs, BN4059, duly declare that I am over the age of 18 and not a party in this case. At all times mentioned in this declaration, I was an inmate at CSP-Corcoran, 3A03, Cell 243. And I was housed next door to inmate Thompson, T12115, who was in Cell 242, 3A03.

I duly declare to witnessing as follows

~~I duly~~ On November 3, 2022, about 5:20 PM, I observed an officer Put, who I believe name is, Alberto Cardero, cell 249, whose previous cell was 224, in the upper c-section shower in 3A03 to perform his shower cleaning duties for being a shower cleaner.

While in the shower, Cardero began flooding the tier with water and urine, upper c-section, towards Thompsons cell without a doubt to expose Thompson to the bio waste, which ran off into my cell.

As Cardero flooded the tier with his urine, I could hear him tormenting Thompson by calling him sex offender and snitch for Thompson having yellow placard on his cell window. And he can't wait to stick his knife into Thompson.

I, Isiah Springs, duly declare under penalty of perjury the foregoings are true and correct, and this declaration was executed on November 6/2022

BY ~~Signature~~
Isiah Springs, BN4059

4.

# EXHIBIT COVER PAGE



EXHIBIT

~~scribbled out text~~

Antonio Reyes Jeter declaration

Description of this Exhibit:

Number of pages to this Exhibit: _____ pages.

JURISDICTION: (Check only one)

| | Municipal Court |
| | Superior Court |
| | Applellate Court |
| | State Supreme Court |
| | United States District Court |
| | State Circuit Court |
| | United States Supreme Court |
| | Grand Jury |

## Declaration of Antonio Reyes Jeter BS0588

I Antonio R Jeter duly declare that I was an inmate at all times mentioned herein at CSP-Corcoran, 3A03 cell 220, and I attest that I witnessed inmate Thompson, T12115, who was housed in 3A03, cell 202 persistently grieve and hunger strike about being deprived outside exercise. Therefore, on August 26, 2022, I witnessed inmate Thompson undergoing medical and mental health problems that officers Lopez and Rocha responded to due to yard officer denying him access to outdoors exercise. Resulting, while Thompson was being treated by medical and mental health, I witnessed officer Lopez and Rocha conduct, upon information and beliefs, a punitive cell search on Thompson's cell out of retaliation: they vandalized his cell and discarded alot of his personal material out of his cell onto the tier. Furthermore, in addition, I attest that 3A03 officials issued shaving disposable razors during shower time. And they allowed inmates to take shaving razors to their cells to shave

I declare that the duly declare under penalty of Perjury, pursuant to 28 USC 1746 that the foregoings are true and correct to my knowledge asides those of my beliefs, which I believe to be true. And this declaration was executed on August 15, 2023
                                    By