UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEWAYNE THOMPSON,<br><br>            Plaintiff,<br><br>    v.<br><br>L. ADDISON,<br><br>            Defendant. | Case No. 1:22-cv-01545-JLT-HBK (PC)<br><br>ORDER DENYING MOTION FOR MISCELLANEOUS RELIEF<br><br>(Doc. No. 26) |

       Pending before the Court is Plaintiff's pleading titled "Motion Ex Parte for the Court to Request Assistance of the Litigation Coordinator at High Desert State Prison Ensuring Plaintiff is afforded adequate opportunity to access the law library," filed on April 19, 2024. (Doc. No. 26). In his Motion, Plaintiff claims he is "being denied indefinately [sic] physical access to [the] law library due to being in the mental health services delivery system at the enhanced outpatient (EOP) level of care" and that "the law librarian is arbitrary, unfit, and retaliatory." (*Id*. at 1). Due to his housing status, Plaintiff must submit requests for legal materials through a paging service and he asserts that the process is slow, prone to errors due to the law librarian's incompetence, and may violate his privacy in light of his requests being confused with those of another inmate named Thompson. (*See generally id.*). For reasons set forth below, the Court denies the Motion.

**DISCUSSION**

      As an initial matter, Plaintiff's 18-page Motion appears to allege new and distinct First

Amendment access to courts and retaliation claims based on the deficiencies in the paging system at High Desert State Prison and the actions of HDSP law librarian Ikesakes. (*See* Doc. No. 29). These claims bear no clear relationship to the First Amendment retaliation claim alleged in this action against Defendant Addison, which arise out of incidents that occurred in June 2022 at Corcoran State Prison. (*See* Doc. No. 19). To the extent Plaintiff wishes to bring First Amendment claims based on these new facts alleged in his Motion, he must file a separate action. To the extent Plaintiff's Motion asks this Court to intervene on his behalf to secure greater access to the HDSP law library, the Court denies the Motion for reasons set forth below.

       The Supreme Court has held that prison authorities must provide prisoners with "adequate law libraries" to enable them to pursue their claims. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). Prisoners, however, do not have a "freestanding right" to a law library. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Law library access is relevant only as it pertains to a prisoner's right to have a "reasonably adequate opportunity to present claimed violations of constitutional rights to the courts." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). In addition, prisoners are not guaranteed unlimited law library access. *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991). In addition, to state a claim for denial of access to the courts, prisoners must allege an actual injury, i.e., that some official action has frustrated or is impeding plaintiff's attempt to bring a nonfrivolous legal claim. *Nevada Dept. of Corrections v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011); *Lewis*, 518 U.S. at 348-350.

       When a prisoner asserts that he was denied access to the courts, he must show: (1) the loss of a non-frivolous or arguable underlying claim; (2) the official acts that frustrated the litigation of that underlying claim; and (3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. *Phillips v. Hust*, 477 F.3d 1070, 1076 (9th Cir. 2007) (citing *Christopher v. Harbury*, 536 U.S. 403, 413–414 (2002), overruled on other grounds, *Hust v. Phillips*, 555 U.S. 1150 (2009)). To properly plead a denial of access to the courts claim, "the complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." *Christopher*, 536 U.S. at

1  417–18 (footnote omitted).

2  Here, Plaintiff's Second Amended Complaint was screened and found to state a cognizable First Amendment retaliation claim against Defendant Addison.  (*See* Doc. No. 19).  On April 24, 2024, the Court stayed the case in order to permit the parties to engage in informal settlement discussions.  (*See* Doc. No. 30).  Plaintiff is not under any court-ordered deadline, and he fails to allege facts indicating that he is being prevented from effectively litigating this matter due to the restrictions on his access to the HDSP law library.  *See Greene*, 648 F.3d 1014, 1018.  Indeed, Plaintiff's Motion recites at length the difficulties he encountered in obtaining copies of the HDSP local rules regarding property, "for an issue that [Plaintiff] is trying to research and redress."  (Doc. No. 29 at 3).  Plaintiff has not alleged facts showing that restrictions on his law library access have impeded his ability to litigate this case, nor set forth facts indicating the restrictions have impaired his ability to pursue any another nonfrivolous legal claim.  *See Greene*, 648 F.3d at 1018.

Accordingly, it is **ORDERED**:

Plaintiff's Motion for Miscellaneous Relief (Doc. No. 29) is **DENIED**.

Dated:   April 25, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE