# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEWAYNE THOMPSON,<br><br>                 Plaintiff,<br><br>        v.<br><br>ADDISON, et al.,<br><br>                 Defendants. | No.  1:22-cv-01545-JLT-FRS (BAM) (PC)<br><br>ORDER DENYING MOTION FOR STAY AND ABEYANCE OR 30-DAY TIME EXTENSION TO PROSECUTE, WITHOUT PREJUDICE<br><br>(ECF No. 67) |

Plaintiff DeWayne Thompson ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's second amended complaint against Defendant Addison for retaliation in violation of the First Amendment.

Currently pending are Plaintiff's motion for summary judgment, filed September 30, 2024, (ECF No. 43), and Defendant's motion for summary judgment, filed August 8, 2025, (ECF No. 55).  Both motions are fully briefed, and there are no other pending deadlines at this time.

On February 12, 2026, Plaintiff filed a "Notice of Address Change, denial of access to court; Ex Parte's Motion for stay and abeyance or 30 day time extention to Prosecute."  (ECF No. 67.)  Plaintiff states that he has been temporarily transferred to San Bernardino County Jail while awaiting resentencing for his criminal conviction.  However, Plaintiff states that his access to the Court is being hindered as the law library is effectively unavailable because Plaintiff is limited to

1

just case law according to the deputy who manages law library access.  She has also informed Plaintiff that per an unspecified policy, Plaintiff will have to get legal assistance for photocopies, legal supplies, and other miscellaneous legal items, for the county jail does not provide such service.  She also informed Plaintiff that only pro per criminal defendants have access to the computer to access the court.  Plaintiff states he cannot properly prosecute and confirm with the rules of federal court based on his county confinement conditions.  Therefore, unless the Court is willing to grant Plaintiff legal assistance so he can conform with Court rules, such as serving Defendant with motions and pleadings submitted, Plaintiff requests a stay and abeyance or 30-day time extension to prosecute.  (*Id.*)

Defendant has not yet had an opportunity to file a response, but the Court finds a response unnecessary.  The motion is deemed submitted.  Local Rule 230(l).

The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Amer. Co.*, 299 U.S. 248, 254 (1936)).  The party seeking the stay bears the burden of establishing the need to stay the action.  *Clinton*, 520 U.S. at 708.

Plaintiff has not met his burden of establishing the need to stay this action.  As noted above, the parties' cross-motions for summary judgment are fully briefed and pending before the Court, and there are no other pending deadlines in this action.  Plaintiff also has not identified any specific motion he intends to file in order to prosecute this action.  Therefore, the Court cannot find that there is any need to stay this action at this time.

Accordingly, Plaintiff's motion for stay, (ECF No. 67), is HEREBY DENIED, without prejudice.  The parties' motions for summary judgment will be addressed in due course.

IT IS SO ORDERED.

Dated:   **February 21, 2026**              /s/ *Barbara A. McAuliffe*
                                                    UNITED STATES MAGISTRATE JUDGE